**UNITED STATES of America**

v.

**John PIMENTEL and Duroyd Manufacturing Co., Inc., Defendants.**

**No. S 85 Cr. 1051–CLB.**

United States District Court, S.D. New York.

Feb. 6, 1986.

Henry Pittman, Asst. U.S. Atty., Rudolph Guiliani, U.S. Atty., New York City, for plaintiff.

Richard Sauber, Stephen Mansfield, Fried Frank, Harris & Shriver, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

After a hearing on December 18, 1985, this Court found that the Government had illegally obtained two letters from Defendant Duroyd Corporation's files. Accordingly, this Court ruled that the Government could not introduce these letters as evidence at trial. The Government has asked this Court to reconsider its decision to suppress the letters under the inevitable discovery exception established in *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The reader's familiarity with the December 18, 1985 proceedings must be assumed.

The Government alleges that defendants conspired to defraud the United States by making false statements and submitting false claims in the course of bidding for fixed price contracts. These contracts were negotiated on a cost-plus basis. As the most recent superseding indictment spells out, Duroyd allegedly overstated the purchase price for parts used in assembling the contract items, in order to increase its profits on that contract. The two letters illegally removed from Duroyd's files imply that Mr. Pimentel wrote to one supplier asking him to overstate the price of a component part in a letter that Mr. Pimentel

included in his cost calculations for that contract.

Although this Court found that the Government had obtained the letters in violation of Duroyd's Fourth Amendment rights, the Court decided not to suppress the "fruits" of this illegal search, because their discovery was inevitable. In stating its decision the Court may have implied that the letters themselves were the "fruit" of the search. Rather, in the parlance of Fourth Amendment jurisprudes, they are the "poisonous tree," not its "fruit". An examination of the facts in *Nix* itself makes this clear.

Following the disappearance in Des Moines, Iowa in December, 1968 of a ten year old girl, the police arrested and arraigned Williams in Davenport, Iowa, in connection with her disappearance. Although the police had told Williams' attorney that they would not question Williams while they transported him to Des Moines, one of the officers accompanying began a conversation with him. During the course of this "interrogation" Williams made several incriminating statements and also revealed the location of the girl's body. After his first trial, the Supreme Court ruled that introduction of his statements into evidence violated his Sixth Amendment right to counsel and reversed his conviction. *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

At his second trial the state did not introduce his statements into evidence, but did introduce evidence of the location of the body. Williams was again convicted. This time the Supreme Court affirmed the conviction, holding that introduction of the body's location did not violate Williams' Sixth Amendment rights, even though it was the "fruit" of unlawful government conduct. The Court held that it was not necessary to suppress the evidence because the State had proved by a preponderance of the evidence that ultimately it would have discovered the body without Williams' statements. *Nix v. Williams, supra,* 104 S.Ct. at 2512.

**1374**

■ The letters here are analogous to the statements found inadmissible in *Brewer*. That is, they are the "poisonous tree," and properly excluded from evidence. The Government argues in its reply brief that *Nix* applies to the poisonous tree as well as its fruit because, "[t]he Court nowhere mentioned the inevitable discovery exception to the 'fruit of the poisonous tree' doctrine." Reply Memo. at 2. In fact, the Court in *Nix* introduced its new exception to the Exclusionary Rule only in terms of "fruit," or indirect product cases. *See Nix* at 2508, *citing Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) and *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *see also Nix* at 2509, *citing United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). In each of these cases, as in *Nix* itself, the illegally seized evidence itself was excluded from evidence. Only the indirect products of the illegally seized evidence were properly admitted into evidence.

Our Court of Appeals decision in *United States v. Alvarez-Porras*, 643 F.2d 54 (2d Cir.) *cert. denied,* 454 U.S. 839, 102 S.Ct. 146, 70 L.Ed.2d 121 (1981), decided before *Nix* is not to the contrary. In *Alvarez-Porras* the court did not embrace unconditionally the inevitable discovery exception. Rather, it found only that "on the unusual facts in this case, suppressing the evidence seized would not serve the deterrent purposes of the exclusionary rule." *Id.* at 66.

■ The Government may introduce at trial other evidence that will elicit the same information contained in the illegally seized letters. Specifically, vendors who provided quotes to Duroyd can be subpoenaed to testify as to these communications. Thus, it can not claim that it is in a worse position than if the search had not occurred. *Cf. Nix* at 2511.

For the foregoing reasons this Court adheres to its decision to suppress the letters themselves as evidence at trial.

So Ordered.