■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALOGERO ITALIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered November 21, 1986, convicting him of burglary in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the

defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement personnel.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress oral statements made to the police following his arrest. The hearing court's findings that the defendant had been adequately advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and voluntarily chose to waive them, and that the defendant's statements had not been induced by force or coercion are supported by the record.

Moreover, the hearing court properly denied that branch of the defendant's omnibus motion which sought to suppress evidence discovered during an inventory search of his vehicle. Having a sufficient basis to conclude that the defendant's vehicle had been utilized in the commission of the crime, the officers had the right to impound the vehicle and inventory its contents pursuant to police department procedure *(see, e.g., Colorado v Bertine,* 479 US 367; *South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386).

We further find that the accomplice's testimony was sufficiently corroborated by the receipt identified as having come from the burglarized premises and by the defendant's inculpatory statement *(see, People v Moses,* 63 NY2d 299, 305; *People v Daniels,* 37 NY2d 624, 629).

Finally we find no basis for modification of the sentence *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.