■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SOLANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered March 23, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

On March 25, 1987, the defendant was arrested while preparing to drive his car away from the Spot Lounge on Main Street in Flushing, New York. The arrest was made pursuant to a warrant which had been issued in connection with a Bronx County homicide investigation.

According to the hearing testimony of the detective who was in charge of the arrest, the defendant was removed from his vehicle by police officers from the 109th Precinct in Queens just as he was driving his vehicle away from the curb. The defendant's arrest resulted in the vehicle being left more than 12 inches from the curb with its engine on.

The detective in charge of the arrest, who was assigned to the 43rd Precinct in The Bronx, personally drove the vehicle to the 109th Precinct, and then searched it. The detective

expressly testified that during the search conducted at the 109th Precinct, he looked in the trunk in order to see if it contained weapons. Furthermore, the detective's testimony strongly demonstrates, and we find, that his desire to locate weapons or other evidence similarly motivated his decision to search through two bags located on the floor of the backseat. The search of these packages yielded the incriminatory evidence now sought to be suppressed.

The detective further testified that his search of the vehicle at the 109th Precinct was *not* an "inventory search". An inventory search was conducted by the detective later, after he had driven the car to the 43rd Precinct in The Bronx, at which time its contents were vouchered.

The Supreme Court denied the motion to suppress on the grounds that (1) the search at the 109th Precinct was a valid inventory search, and (2) that even if it was not a valid inventory search, the evidence seized would be admissible pursuant to the inevitable discovery doctrine. We disagree with both of these holdings.

In *Colorado v Bertine* (479 US 367), the Supreme Court held that the "inventory search" exception to the exclusionary rule may apply to a search of a container found within an impounded vehicle. The court emphasized, however, that such a search would be upheld only if there were evidence sufficient to justify a finding that the search was required pursuant to relevant local police regulations *(see also, South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386). There is a complete absence of evidence in the present case as to whether the detective was required to open the packages contained in the defendant's car *(cf., People v Cammock,* 144 AD2d 375; *People v Italia,* 138 AD2d 743, 744; *People v Dixon,* 130 AD2d 680; *see also, People v Bookless,* 120 AD2d 950; *State v Shamblin,* 763 P2d 425 [Utah]; *State v Wells,* 539 So 2d 464 [Fla]). Furthermore, the detective admitted that the search at the 109th Precinct was not an inventory search, but he testified that the search of the car, including the search of the packages, was motivated by his desire to discover potentially incriminating evidence or contraband. The inventory search exception to the warrant requirement may not be applied under these circumstances *(see, Colorado v Bertine,* 479 US 367, *supra).* Also, there is no evidence to support a finding that the detective had reason to believe that the defendant's vehicle actually contained a weapon, and so any possible public safety exception is inapplicable *(cf., Cady v Dombrowski,* 413 US 433; *United States v Feldman,* 788 F2d 544).

The People argue, however, that the preponderance of the evidence adduced at the hearing establishes that the incriminating evidence, which was illegally seized at the 109th Precinct in Queens, would have been discovered eventually by legal means, i.e., the later inventory search at the 43rd Precinct in The Bronx, so that the "inevitable discovery" doctrine applies (see, Nix v Williams, 467 US 431). The People argue, in other words, that there is no causal relationship between the wrongful police conduct and the acquisition of the incriminating evidence.

This argument is without merit, however, because pursuant to State constitutional law, the inevitable discovery doctrine may not be applied so as to allow the admissibility of "primary" evidence, that is, evidence seized as a direct result of a Fourth Amendment violation (People v Stith, 69 NY2d 313; contra, United States v Pimentel, 810 F2d 366 [2d Cir], revg 626 F Supp 1372 [SD NY]; United States v Silvestri, 787 F2d 736 [1st Cir]; United States v Andrade, 784 F2d 1431 [9th Cir]). The court held in People v Stith (supra) that the rationale which underlies the exclusionary rule would be unduly undermined if the courts were to permit the admission, in criminal prosecutions, of evidence obtained as a direct result of police misconduct, even though such evidence would have been obtained even had the misconduct complained of not occurred. In the present case, the evidence seized during the illegal search of the defendant's vehicle at the 109th Precinct must therefore be suppressed on State constitutional grounds (see, People v Stith, 69 NY2d 313, 316, n, supra). Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.