■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURRAY KRAWITZ, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Williams, J.), rendered September 9, 1988, convicting defendant upon his plea of guilty of five counts of the crime of sexual abuse in the first degree.

On June 7, 1986, defendant waived indictment and pleaded guilty to all the five counts of a superior court information, each charging him with committing sexual abuse in the first degree. Defendant was a fourth grade teacher in the Fallsburg Public School system in Sullivan County. The five counts related to defendant's sexual touching of five different female pupils in his class. Defendant's plea was expressly described as an *Alford*-type plea *(see, North Carolina v Alford,* 400 US 25), made without any admission of the underlying facts of the crimes. The plea followed extensive negotiations over a span of some two weeks between defendant's attorney and the District Attorney, and was made pursuant to a written plea agreement submitted to County Court and made part of the record.

Shortly before the date fixed for sentencing, defendant, through different counsel, moved to withdraw his guilty plea. The motion was denied, after a hearing at which County Court heard testimony from defendant and his attorney at the time of the plea. Defendant received the bargained-for sentence of nine months in jail plus five years' probation. This appeal ensued.

There should be an affirmance. Contrary to defendant's contention on appeal, an *Alford* plea, made to avoid the risk of the imposition of a more severe sentence upon conviction after trial notwithstanding a defendant's denial of the facts constituting the crime, is fully sanctioned in this State *(see, People v Friedman,* 39 NY2d 463, 466; *People v Francabandera,* 33 NY2d 429, 434-435; *People v Smith,* 146 AD2d 828).

All the requirements of a valid plea were met in this case. In a painstaking inquiry lasting more than 90 minutes, County Court clearly established that defendant's plea was

made voluntarily, knowingly and with full understanding of the consequences. The District Attorney reviewed on the record the evidence against defendant, reciting that it consisted of the victims' descriptions of defendant's acts as corroborated by observations of fellow students. Defendant and his attorney acknowledged that much of the People's proof was shared with them, i.e., the prosecutor's notes of his own interviews with several of the victims and a handwritten statement of one of the victims given to investigating police officers. Defendant was a professional teacher holding a Master's degree and had ample opportunity to confer with highly experienced counsel before entering the plea. Defendant conceded at the hearing that he was not coerced by his then counsel into pleading guilty. Based upon the foregoing, the court quite properly refused to permit defendant to withdraw his plea (see, People v Friedman, supra, at 467; see also, People v Taliaferro, 109 AD2d 943, lv denied 66 NY2d 923).

Nor did County Court err in compelling the testimony of the attorney who appeared on defendant's behalf when the plea was entered. Defendant waived the attorney-client privilege as to the subject matter of that testimony by placing in issue through his motion papers the communications between him and his former defense counsel and the quality of the representation he received (see, People v Edney, 39 NY2d 620, 624-625; Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 834, 835), and by voluntarily testifying on privileged matter at the hearing on his motion (see, People v Shapiro, 308 NY 453, 458; People v Northrop, 29 AD2d 895). We also find no basis for modification of the sentence imposed.

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.