■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 3, 1988, convicting him of use of a child in a sexual performance (four counts), sexual abuse in the first degree (eight counts), promoting an obscene sexual performance by a child (four counts), endangering the welfare of a child (four counts) and public lewdness (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a videotape and statements made by him to the police.

Ordered that the judgment is reversed, on the law, those branches of the defendant's motion which were to suppress the videotape and statements made by him to the police are granted, the plea is vacated, and the matter is remitted to the County Court, Westchester County, for further proceedings on the indictment.

Upon arresting the defendant on a charge of public lewd-

ness, the City of Rye Police Department impounded his automobile and inventoried its contents which included a videocassette tape distinguished only by the manufacturer's label. The police played 1 or 2 minutes of the videotape, purportedly for identification purposes, and observed a scene showing the defendant exposing himself to a small child. They thereafter obtained written consent from the defendant to view the entire tape and upon doing so found it to contain several other similar scenes. This videotape was the subject of that branch of the defendant's motion which was to suppress physical evidence, the denial of which we now reverse.

We agree with the hearing court that the police were entitled to conduct an inventory search upon the lawfully impounded vehicle. It is well-settled law that the police may search an impounded car for purposes of protecting the car owner's property and protecting the police from potential danger and false claims for missing property *(see, South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386).

We conclude, however, that the police, by viewing the incriminating tape by putting it in a videocassette recorder exceeded the permissible bounds of that inventory. Although the Fourth Amendment does not require that an inventory be accomplished by the least intrusive means, it must nonetheless be reasonable to pass muster *(see, Colorado v Bertine,* 479 US 367; *South Dakota v Opperman, supra; People v Gonzalez, supra).* The search here was not. The tape, for instance, could have been placed in a bag or box with the other inventoried items taken from the car or otherwise identified by marking the cassette itself. The People cannot reasonably argue that the playing of the tape was necessary to ensure its return to the defendant or that it furthered any valid objective of an inventory search *(see, United States v Turk,* 526 F2d 654, *cert denied* 429 US 823; 3 LaFave, Search and Seizure § 7.4 [a] [2d ed]).

Nor did the defendant's consent to view the tape validate the prior illegal police conduct. The totality of the circumstances present in the case shows that the defendant's consent was not voluntary *(see, Schneckloth v Bustamonte,* 412 US 218; *People v Gonzalez,* 39 NY2d 122). Accordingly, the videotape should have been suppressed. Similarly, the defendant's statements, made during and after the viewing of the tape, should also have been suppressed as the product of unlawful police practices.

In light of our determination, we do not reach the defen-

dant's challenge to the sentence imposed. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.