■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLLAND C. BURGHART, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 27, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant has been convicted of criminal possession of a controlled substance in the second degree, to wit cocaine, which was found in a motor vehicle being operated by him.

Resolution of this case turns on whether the police exceeded permissible constitutional bounds in searching the vehicle. We do not believe that they did.

As in all warrantless search and seizure cases, a careful analysis of the facts is critical to our determination. On September 17, 1989 defendant was operating his pickup truck on State Route 30 in Schoharie County when he was stopped by the State Police for speeding. He was asked for his license and registration; when he opened the glove compartment to retrieve the registration, one of the Troopers observed an aerosol can in plain view. In response to the Trooper's inquiry, defendant told him it was a can of mace. The Trooper then arrested defendant for possession of a noxious substance. A search of defendant incident to that arrest revealed a glass tube of a type used to inhale drugs which contained a white powder residue. After defendant was handcuffed and placed in the police car, a tow truck was called to remove defendant's vehicle. Immediately prior to the arrival of the tow truck, the Troopers conducted an inventory search of the pickup truck pursuant to a standardized inventory procedure. That search revealed a jacket, the pocket of which contained a closed brown paper bag. Upon opening the bag the Troopers discovered approximately 30 small glass vials of the type commonly used to package "crack" cocaine. The search also disclosed a pair of work gloves, one of which appeared "full and heavy". A clear plastic bag containing a chunk of white crystalline substance wrapped in paper towels was found inside the glove. This ultimately proved to be a rock of cocaine weighing nearly six ounces.

Defendant was thereafter indicted for criminal possession of a controlled substance in the first, third and seventh degrees, criminally using drug paraphernalia in the second degree and unlawful possession of noxious material. After unsuccessfully seeking to suppress, *inter alia,* the seized evidence, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced to an indeterminate term of imprisonment of seven years to life. On this appeal defendant contends that County Court erred in denying his suppression motion an [1] in refusing to permit him to withdraw his guilty plea.

County Court found, on the facts previously described, that the search of defendant's vehicle was permissible as a valid inventory search and pursuant to the automobile exception to the warrant requirement. To be sure, an inventory search is permissible as long as it is reasonable and consistent with a

standardized inventory procedure *(see, People v Castillo,* 150 AD2d 957, *lv denied* 74 NY2d 806) and there is record evidence of such a procedure in this case.

With regard to the opening of closed containers found in such a search, however, it has been held that absent a specific police policy pertaining to such containers, a search thereof would not be considered sufficiently regulated to satisfy the 4th Amendment *(see, Florida v Wells,* 495 US 1). The People's contention that this precise issue was not raised by defendant in County Court is without merit. The burden of establishing the propriety of a warrantless search is on the People *(see, People v Hodge,* 44 NY2d 553) and they have not done so here with regard to the closed paper bag containing the 30 glass vials. The only proof at the suppression hearing was that the search in question was done pursuant to State Police procedure which required an inventory search of a vehicle towed at the direction of the State Police. Specifically, the Trooper that testified about such searches stated that the vehicle is to be inventoried "step by step and piece by piece". That testimony hardly provides evidence of any policy concerning the opening of closed containers found during such a search.

The seizure of the cocaine is a different matter, however. The United States Supreme Court has proscribed the search of "closed containers" during a legitimate inventory search absent established policy in that regard *(see, Florida v Wells, supra).* Here, the police uncovered a pair of work gloves, one of which contained an unidentifiable object. It is questionable whether an ordinary glove, in which something has been inserted, can reasonably be considered a "closed container" as contemplated by the Supreme Court. In our view, the glove was not a "closed container" and, therefore, it was entirely reasonable for the police to determine what was in the glove and note that in their inventory.

In any event, resolution of that question is not necessary because, for the reasons hereinafter expressed, we believe that County Court was correct in its denial of the motion to suppress in its entirety on the ground that the search in question came within the exception espoused in *Carroll v United States* (267 US 132). It is now well established, pursuant to that exception, that if there is probable cause to justify the search of a lawfully stopped automobile, it justifies the search of every part of the vehicle and any of the contents found therein *(see, United States v Ross,* 456 US 798; *People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028). There is no doubt, as defendant concedes, that the stop and arrest here

was warranted. The question is whether there was probable cause to search the vehicle as a result thereof. The record reveals that upon arresting defendant for possession of a noxious substance, a search incident to that arrest produced a glass tube of a type used to inhale drugs. The tube contained a white powder residue. The Trooper who arrested defendant testified that, based upon his experience and training, it was his opinion that the tube was an "inhaler" used to snort cocaine and that the white powder residue was cocaine. Under these circumstances, the Trooper had probable cause to arrest defendant for criminal possession of a controlled substance in the seventh degree.

The very circumstances that provided probable cause for that arrest gave the police probable cause to believe that defendant's vehicle contained contraband, i.e., cocaine for inhalation by use of the glass tube taken from defendant (see, *People v Belton*, 55 NY2d 49, 53-55). That being the case, the police were justified in searching every part of the vehicle and all of the contents found therein (see, *United States v Ross*, supra; *People v Langen, supra*). Moreover, the fact that the Trooper arrested defendant for possession of a noxious substance and not for criminal possession of a controlled substance is of no consequence. As the Court of Appeals has stated: "The connection between the crime and the search is significant * * * because the nature of the crime and the circumstances surrounding the arrest are what provide (or fail to provide) probable cause for the search. But there is no inflexible requirement that the search concern only items relating to crimes for which the defendant is formally arrested. * * * Thus, the proper inquiry in assessing the propriety of a *Belton* search is simply whether the circumstances gave the officer probable cause to search the vehicle. Whether the officer had probable cause to arrest an occupant of the vehicle for one or more crimes is significant. Which of those crimes the officer selected when formally notifying the suspect that he was under arrest has little bearing on the matter" (*People v Blasich*, 73 NY2d 673, 680-681). Accordingly, we find that the search in question was fully justified under the automobile exception.

Finally, defendant contends that County Court erred in not permitting him to withdraw his guilty plea. We disagree. Defendant pleaded guilty to criminal possession of a controlled substance in the second degree, without admitting that he knowingly possessed cocaine, for the express purpose of avoiding a more severe sentence after trial. Such a plea is fully

sanctioned in this State (see, People v Krawitz, 151 AD2d 850, lv denied 74 NY2d 742). County Court engaged defendant in a lengthy, probing dialogue concerning the plea and the circumstances that gave rise to defendant's decision to plead guilty. Contrary to defendant's assertion, County Court's inquiry included exploration of the possibility of acquittal after trial. Further, County Court presided over the suppression hearing at which the People established that defendant was driving the pickup truck in which the police ultimately discovered the cocaine and thus was aware of the quantum of proof against defendant. Defendant, who had at least three years of college education, stated at the plea hearing that he understood the consequences of the plea and entered into it voluntarily. Based upon the foregoing, County Court did not abuse its discretion in refusing to allow defendant to withdraw the plea (see, People v Krawitz, supra).

We have examined defendant's other contentions and find them to be meritless. Accordingly, the judgment should be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.