■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY O'CONNELL, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 13, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

On July 24, 1986, while operating an automobile in the City of Kingston, Ulster County, defendant was stopped for Vehicle and Traffic Law violations and taken into police custody.

Suspecting that the vehicle may have been stolen, the police officers impounded it and had it towed to the police station. Subsequently, an inventory was made of the vehicle's contents, including a closed maroon travel bag. The police unzipped the center compartment of the bag and a search of its interior disclosed a quantity of cocaine. As a result, defendant was indicted for criminal possession of a controlled substance in the first degree. Following denial of defendant's motion to suppress the cocaine, defendant ultimately entered a plea of guilty to the charge and a judgment of conviction was entered thereon. Defendant now appeals, challenging only County Court's refusal to suppress the cocaine found in the travel bag.

There must be a reversal. We find nothing in the transcript of the August 1986 suppression hearing to indicate that the police were acting pursuant to any standardized criteria in impounding the vehicle (see, Colorado v Bertine, 479 US 367; cf., People v Watson, 177 AD2d 676, lv denied 79 NY2d 954; People v Brooks, 161 AD2d 655, lv denied 76 NY2d 853) or in opening defendant's closed bag in connection with the inventory search of the vehicle (see, Florida v Wells, 495 US 1; People v Burghart, 177 AD2d 866, lv denied 79 NY2d 998; People v Solano, 148 AD2d 761). The evidence found in the car must therefore be suppressed. We reject the contention that the matter should be remitted to County Court to permit the People to produce evidence of the existence of such criteria. The People's burden of proving the existence of some standardized criteria or routine procedure in dealing with closed containers preceded the decision of the United States Supreme Court in Florida v Wells (supra) (see, Illinois v Lafayette, 462 US 640; South Dakota v Opperman, 428 US 364; People v Burghart, supra, at 868). Moreover, even if Florida v Wells (supra) did effect a " 'clear break' with the past", because this case is "pending on direct review" and not yet final, the new rule would be applied retroactively in any event (Griffith v Kentucky, 479 US 314, 328). Defendant's remaining contentions need not be considered.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress the articles found inside the vehicle granted and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.