■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE COLON, Appellant. [608 NYS2d 351] —White, J. Appeal from a judgment of the County Court of Albany County (Bell, J.), rendered June 24, 1992, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

After defendant was stopped for speeding and arrested on an outstanding felony warrant,* his vehicle was impounded and its contents inventoried by a State Trooper. During the course of the inventory, cocaine and heroin were found in a paper bag located in the trunk and hidden behind some of the vehicle's interior paneling. Following his indictment, defendant moved to suppress the contraband and an incriminating statement regarding the contraband that he made while being booked. County Court (Keegan, J.) denied the motion, finding that the contraband was discovered in an inventory search of an impounded vehicle and that defendant's statement was admissible because he knowingly, intelligently and voluntarily waived his *Miranda* rights. Defendant then proceeded to trial where he was convicted of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. This appeal ensued.

Law enforcement officials may conduct an inventory search of an impounded vehicle without a warrant, provided the search is conducted according to a "single familiar standard" or procedure established by the police agency *(see, People v Galak,* 80 NY2d 715, 716; *see also, Colorado v Bertine,* 479 US 367, 375). Aside from a few questions pertaining to an inventory record sheet on the cross-examination of the Trooper who conducted the inventory, there was no evidence adduced at the suppression hearing to indicate that the Trooper was acting pursuant to any standardized procedure in conducting the inventory. Therefore, County Court should have suppressed the evidence found in the car *(see, Florida v Wells,* 495 US 1; *People v O'Connell,* 188 AD2d 902; *compare, People v*

---

* It was subsequently determined that the warrant had been vacated.

*Walker,* 194 AD2d 92). Defendant's incriminating statement should also have been suppressed because it was directly related to the illegally seized evidence *(see, People v Lloyd,* 167 AD2d 856). For these reasons, we reverse.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress tangible evidence and oral statement granted, and indictment dismissed.

