■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ACEVEDO-SANCHEZ, Appellant. [623 NYS2d 452] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress the drugs seized by the police during an alleged inventory search of his vehicle. We agree. When a vehicle is impounded, the police may conduct an inventory search of it and its contents *(People v Galak,* 80 NY2d 715, 716; *see, Florida v Wells,* 495 US 1). To meet constitutional standards, an inventory search "procedure must be rationally designed to meet the objectives that justify the search in the first place" and "limit the discretion of the officer in the field" *(People v Galak, supra,* at 719). The People bear the burden of showing that an inventory search was conducted pursuant to a standardized procedure *(People v Ballard,* 174 AD2d 1025, 1026, *lv denied* 79 NY2d 824; *see, People v Colon,* 202 AD2d 708, *lv denied* 84 NY2d 824).

The police officer testified at the suppression hearing that, during the course of the inventory search of the vehicle, he removed one of two spare tires from the trunk. When he bounced the tire on the ground, he heard a noise indicating that there was an object inside. Subsequently, the officer had a tow-truck operator remove the tire from the rim. The officer admitted that removing the spare tire from the trunk of a vehicle and having it dismounted from the rim was not part of the "standard procedure" for an inventory search. The officer testified that the purpose of removing the tire from its rim was motivated by a desire to discover potential incriminating evidence. That purpose was nothing more than "an excuse for general rummaging to discover incriminating evidence" *(People v Galak, supra,* at 719). Under those circumstances, the inventory search exception to the warrant requirement cannot be used to sustain the officer's actions, and the court should have suppressed the evidence found in the tire *(see, People v Galak, supra; People v Colon, supra; People v Lloyd,* 167 AD2d 856; *People v Solano,* 148 AD2d 761, 762).

Furthermore, the officer's actions failed to meet the objectives that justify an inventory search, i.e., protecting the car owner's property and protecting the police from danger and claims of missing property *(see, e.g., People v Thomas,* 163

AD2d 438, *appeal dismissed* 78 NY2d 903). A car owner would have no reasonable expectation that the police would protect property inside a spare tire, and there is minimal risk of a claim that property inside the spare tire of an impounded car is missing. Finally, there is no potential danger to police officers from a weapon that can be reached only by the removal of a tire from its rim.

We reject the People's contention that the officer's discovery of a second spare tire in the trunk with moisture around the rim, indicating that it had been recently mounted, was sufficient to establish probable cause to believe that the tire contained contraband or evidence of criminality to support its search *(see generally, People v Solano, supra)*. (Appeal from Judgment of Oneida County Court, Merrell, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.