■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY MINTO, Appellant. [708 NYS2d 434] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 21, 1998, convicting him of criminal possession of marihuana in the second degree, driving while ability impaired by drugs, and unlawful possession of marihuana (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of marihuana in the second degree and unlawful possession of marihuana under count four of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and by granting those branches of the defendant's omnibus motion which were to suppress the marihuana seized from the trunk of his car and from a paper bag on the front seat of the car; as so modified, the judgment is affirmed.

The People allege that the two separate quantities of marihuana in question, which were seized from the defendant's car, were seized pursuant to an inventory search. However, there is nothing in the record of the suppression hearing to indicate that the police were acting pursuant to any standardized procedure. Furthermore, no inventory report was generated. Hence, the marihuana which was obtained in this manner should have been suppressed (*see, People v Galak,* 80 NY2d 715; *see also, People v Colon,* 202 AD2d 708), and the convictions based on the possession of that marihuana must be vacated.

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are without merit. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.