■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERRELL D. BENNETT, Appellant. [724 NYS2d 922] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and matter remitted to Ontario County Court for further proceedings on the indictment. Memorandum: County Court erred in denying defendant's motion to suppress evidence found in a closed container in a vehicle. Contrary to the People's contention, the search was not authorized under the search incident to an arrest exception to the warrant requirement. That exception does not apply with respect to the closed container located in the vehicle where, as here, the occupants had both been placed under arrest, removed from the vehicle, and placed in patrol cars (*see, People v Walker,* 198 AD2d 785, 786-787; *see also, People v Torres,* 74 NY2d 224). Also contrary to the People's contention, the search was not

authorized as an inventory search. The People presented no evidence at the suppression hearing that the police were acting pursuant to standardized procedures when they opened the closed container found in the vehicle (*see, Florida v Wells*, 495 US 1, 4-5; *People v Colon*, 202 AD2d 708, 708-709, *lv denied* 84 NY2d 824; *People v O'Connell*, 188 AD2d 902, 903). Thus, we reverse the judgment of conviction, vacate the plea, grant the motion to suppress and remit the matter to Ontario County Court for further proceedings on the indictment. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.