■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO CONCEPCION, Appellant. [893 NYS2d 283]—

After a suppression hearing, the Supreme Court concluded that the People failed to establish that the defendant consented to a search of his vehicle, from which the police seized a quantity of cocaine, but that the cocaine would have been inevitably discovered during an inventory search. However, as the People correctly concede, the inevitable discovery doctrine may not be applied to primary evidence, that is, the very cocaine recovered from the defendant's vehicle (*see People v Turriago,* 90 NY2d 77, 86 [1997]; *People v Stith,* 69 NY2d 313, 318 [1987]; *People v Solano,* 148 AD2d 761, 763 [1989]). Nevertheless, contrary to the Supreme Court's conclusion, the People carried their "heavy burden" of establishing the voluntariness of the defendant's consent to search his vehicle (*see People v Gonzalez,* 39 NY2d 122, 128 [1976]). Considering the totality of the circumstances, while the defendant was in custody and handcuffed to a bar in an interview room, he had not resisted when brought into police custody, had freely given oral and written statements after being afforded *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]), and was specifically informed that he had the right to refuse to consent to the search (*see People v Gonzalez,* 39 NY2d at 128-130). Although the defendant signed a written consent form that had not been completed to indicate, for example, the property to be searched, he had been advised that

the police were seeking permission to search his van. Accordingly, on this alternative basis (*cf. People v Ryan*, 12 NY3d 28, 31 n [2009]), the defendant was not entitled to the suppression of the cocaine recovered from his vehicle.

The defendant was afforded meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.