■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD LLOYD, Respondent.—Order unanimously affirmed and indictment dismissed. Memorandum: Defendant was charged with two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]).

The suppression court granted defendant's motion to suppress evidence obtained as a result of a police officer's search of defendant's automobile. It is not disputed that the stop and subsequent arrest of defendant for aggravated unlicensed operation were proper. Following the arrest, the police officer began a vehicle inventory search. Upon opening the trunk, the officer discovered paraphernalia commonly associated with drug dealing. He then proceeded to search the interior of the car where, upon pulling out the rear seat, he found a clear plastic bag containing a white rock substance which was later shown to be cocaine. After the discovery of the cocaine, defendant made several incriminating statements.

At the suppression hearing, the sole justification offered by the police officer for pulling out the rear seat was that he did so as part of an inventory search. The officer acknowledged, however, that the Rochester Police General Order (G.O. 511) governing inventory searches does not set forth the areas which may properly be searched. He further testified that determining the extent of the search is left to the officer's discretion.

The hearing court suppressed both the cocaine and defendant's incriminating statements. The court found that the officer's conduct in removing the rear seat of defendant's vehicle exceeded the bounds of an inventory search and constituted a "search for evidence". We agree.

Initially, we note that the only argument offered by the People at the hearing to justify the search is that the cocaine was discovered as part of a valid inventory search. It is well settled that an appellate court may not uphold a police action on a theory not argued before the suppression court (see, People v Johnson, 64 NY2d 617, 619, n 2; People v Dodt, 61

NY2d 408, 416; *People v Knapp*, 52 NY2d 689, 699 [Jasen, J., concurring]; *People v Dickerson*, 149 AD2d 985, 986).

While the police are entitled to search an impounded vehicle to inventory its contents *(see, South Dakota v Opperman*, 428 US 364; *People v Gonzalez*, 62 NY2d 386, 388), the search must be reasonable and must be conducted pursuant to standardized procedures *(see, Florida v Wells*, 495 US —, 109 L Ed 2d 1; *Colorado v Bertine*, 479 US 367, 374, n 6; *Illinois v Lafayette*, 462 US 640, 643-644, 648; *South Dakota v Opperman, supra*, at 374-375; *People v Townsend*, 152 AD2d 515, 517, *appeal dismissed* 76 NY2d 746). "The underlying rationale for allowing an inventory exception to the Fourth Amendment warrant rule is that police officers are not vested with discretion to determine the scope of the inventory search." *(Colorado v Bertine*, 479 US 367, 376, *supra* [Blackmun, J., concurring].) Here, the People failed to establish that the officer, in pulling out the rear seat of defendant's vehicle, acted in accordance with standardized procedures for inventory searches *(cf., People v Gonzalez, supra)*. Indeed, the police officer testified that the scope of the search was left to his discretion. Thus, County Court properly suppressed the cocaine. Defendant's statements, which immediately followed and were directly related to the discovery of the cocaine were also properly suppressed *(see, Wong Sun v United States*, 371 US 471, 486-487; *People v Townsend, supra*, at 518). (Appeal from order of Monroe County Court, Egan, J.—suppress evidence.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.