■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY J. BALLARD, JR., Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the inventory search of his vehicle was pretextual and unlawful. Upon impounding a vehicle, the police may conduct an inventory search of it and of any containers found therein *(see, People v Gonzalez,* 62 NY2d 386, 388-390; *see also, People v Townsend,* 152 AD2d 515, *appeal dismissed* 76 NY2d 746; *South Dakota v Opperman,* 428 US 364; *cf., People v Lloyd,*

167 AD2d 856). When such search is challenged, the People have the burden of showing that it was "conducted pursuant to standardized procedures" *(People v Lloyd, supra,* at 857; *see, Florida v Wells,* 495 US 1, 109 L Ed 2d 1; *Colorado v Bertine,* 479 US 367, 374, n 6; *Illinois v Lafayette,* 462 US 640, 643-644, 648; *South Dakota v Opperman, supra,* at 374-375). The People established at the suppression hearing that the challenged search was conducted consistently with the police department's standardized guidelines, which directed that, prior to towing, officers are to inspect all accessible areas of the vehicle and remove any loose articles of value. The suppression court properly determined that the search was within permissible limits.

Moreover, the record fully supports the determination of the suppression court that the police officers acted lawfully when they stopped and arrested defendant *(cf., People v Howell,* 49 NY2d 778; *People v Carvajales,* 152 AD2d 675, *lv denied* 75 NY2d 768; *People v Mikel,* 152 AD2d 603).

We have examined the other contentions raised by defendant and find them to be without merit. (Appeal from Judgment of Monroe County Court, Wisner, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.