[604 NYS2d 631]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONALD F. WALKER, Appellant.

Third Department, December 2, 1993

APPEARANCES OF COUNSEL

*Joseph M. Brennan,* Albany *(Mary Mraz* of counsel), for appellant.

*Sol Greenberg, District Attorney* of Albany County *(John E. Maney* of counsel), for respondent.

OPINION OF THE COURT

YESAWICH JR., J.

On April 11, 1991, at approximately 3:30 A.M., State Troopers Edwin Garcia and Randy Blanchard observed a child jumping on the rear seat of a vehicle traveling on the Thruway. After noticing that the car also had a broken license plate light and that the driver was not wearing a seat belt, the Troopers pulled the vehicle over; inquiry disclosed that the car was not registered to any of the occupants. A routine check of the driver's identification papers revealed that warrants had been issued by both the New York City Police Department and the Federal Marshall's office for the arrest of a man bearing the same name, Charles V. Thompson. Although Thompson denied being the wanted man, the Troopers placed him under arrest and transported him to the barracks so that his identity could be verified. Because none of the passengers, including defendant, was a licensed driver, they too were transported to the barracks to await the outcome of the investigation into Thompson's identity. When it was determined that Thompson was indeed the person named in the outstanding warrants, he was detained by the police and, there being no licensed driver to take charge of the vehicle, it was impounded. The passengers left the barracks by taxi.

Shortly after the vehicle arrived at the barracks, Investigator Robert Hayes undertook to search it for inventory purposes. Finding the trunk locked and no key available, he drove the vehicle to the Thruway Authority garage, where mechanics were able to gain access to the trunk, without damage to the vehicle, by removing the back seat. Inside the trunk Hayes found, among other items, a brown paper bag containing a large amount of what appeared to be cocaine and numerous small vials, believed to contain a narcotic substance.

When defendant and the other adult passenger returned to the barracks later that day—accompanied by a licensed driver —to retrieve the vehicle, they were placed under arrest. Defendant moved for suppression of the cocaine and vials on

the ground that they were recovered in the course of an unreasonable, illegal search. After a hearing, County Court (Keegan, J.) denied the motion, concluding that the search had been conducted pursuant to established department procedure and therefore did not violate defendant's constitutional rights. Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the second degree, as defined by Penal Law § 220.18 (1), and was sentenced as a second felony offender to an indeterminate term of incarceration with a maximum of life and a minimum of seven years.

On appeal, defendant particularly questions the reasonableness of Hayes' conduct in removing the rear seat of the vehicle to inventory the contents of the locked trunk. To satisfy the constitutional mandate of reasonableness, an inventory search of an impounded vehicle must be conducted pursuant to a standard procedure which is designed to meet the legitimate objectives of the search, and which clearly limits the discretion exercisable by officers in the field (see, People v Galak, 80 NY2d 715, 719).

The procedure Hayes purported to follow, set out in the New York State Police Field Manual, required that "ALL vehicle compartments AND all closed containers" (emphasis in original) be opened, if it was possible to do so without damage to the vehicle, and that the contents be listed on an inventory record. This procedure comports precisely with the United States Supreme Court's requirement that " ' "[a] single familiar standard" ' " be adopted to guide police officers in the conduct of inventory searches (Colorado v Bertine, 479 US 367, 375).* It also satisfies the criteria set out in People v Galak (supra), in that it is designed not only to limit the searching officers' discretion but also to produce a usable inventory of all items found within the vehicle.

There is no showing that Hayes' sole purpose in searching the trunk was to uncover evidence of a crime (see, Colorado v Bertine, supra, at 372). He testified that he did not believe that any contraband would be found in the trunk and that his only desire was to inventory the vehicle's contents (compare, People v Martin, 48 AD2d 213, 219), which he did, completing an inventory form contemporaneously. Under these circum-

---

* It bears noting, in this regard, that the Supreme Court has expressly stated that a policy requiring that all containers be opened is "unquestionably permissible" under the standards it has outlined (Florida v Wells, 495 US 1, 4).

stances, given the inventory procedure established by the State Police, which mandates that trunks be inventoried, removal of the rear seat solely for the purpose of securing access to the trunk was not unreasonable *(see, People v Gonzalez,* 62 NY2d 386; *People v Castillo,* 150 AD2d 957, *lv denied* 74 NY2d 806; *compare, People v Lloyd,* 167 AD2d 856, 857).

WEISS, P. J., MIKOLL, CREW III and CARDONA, JJ., concur.

Ordered that the judgment is affirmed.