■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES V. THOMPSON, Appellant. [609 NYS2d 873] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered May 19, 1992 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Following County Court's denial of his motion to suppress cocaine discovered during an inventory search of the automobile he was driving, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced to an indeterminate term of imprisonment of seven years to life.

On this appeal, defendant challenges the same automobile inventory search which we recently upheld in his codefendant's appeal to this Court *(see, People v Walker,* 194 AD2d 92). The relevant facts are set forth in that case. In *People v Walker (supra),* we found that it was reasonable for Investigator Robert Hayes to remove the rear seat to gain access to the locked trunk of the impounded automobile so that he could perform an inventory search of the vehicle's contents pursuant to the established procedure set forth in the New York State Police Field Manual. We also determined that this procedure "comports precisely with the United States Supreme Court's requirement that ' " '[a] single familiar standard' " ' be adopted to guide police officers in the conduct of inventory searches *(Colorado v Bertine,* 479 US 367, 375)", because it was designed "to produce a usable inventory of all items found within the vehicle" and it "limit[ed] the searching officers' discretion" *(People v Walker, supra,* at 94).

Our decision in *Walker* is dispositive of the arguments raised by defendant.

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.