■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY A. RHODES, Also Known as LORENZO A. RODNEY, Appellant. [614 NYS2d 641] —Weiss, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered May 5, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On March 31, 1991, State Trooper Michael Palma stopped a blue four-door sedan driven by Jeffrey Blair registered in Massachusetts for speeding at 78 miles per hour on the Northway in the Town of Bolton, Warren County. The operator produced a Vermont driver's license and rental agreement in the name of a woman not present in the car. Blair's license was found to have been suspended four times and neither of the two passengers, Kenneth Sherman or defendant, was able to produce a driver's license. Palma informed Blair that he would be issued uniform traffic tickets for speeding and aggravated unlicensed operation, and arraigned before a local Judge. There being no licensed driver to take charge of the vehicle, Palma informed Blair that the vehicle would be impounded (see, People v Castillo, 150 AD2d 957, lv denied 74 NY2d 806). As Sherman exited the back seat Palma observed a "clear glass vile [sic] with a plastic top" used to "transport and keep narcotics" on the rear floor. Defendant and Sherman then sat in the rear seat of the patrol vehicle while Palma performed a systematic inventory search of the car in accordance with State Police rules and regulations. Quantities of drug paraphernalia, various narcotics, and a hollowed out college textbook containing approximately two ounces of cocaine and a quarter ounce of crack cocaine were discovered in the car, which was subsequently towed to a nearby State Police substation. Defendant, Sherman and Blair were also transported to the substation. Following a hearing, County Court denied suppression of the evidence seized from the automobile. Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and a prison sentence of 5 to 10 years as a second felony offender was imposed.

On this appeal, defendant has not challenged the validity of the stop of the vehicle, instead contending solely that the evidence seized should have been suppressed as the result of an unjustified and illegal pretextual search. County Court found that the stop for speeding was lawful and the failure of the driver and passengers to produce a valid operator's license justified Palma's determination to impound the car and per-

form the inventory search, which, citing to *People v Ballard* (174 AD2d 1025, *lv denied* 79 NY2d 824), *People v Gonzalez* (62 NY2d 386), *People v Townsend* (152 AD2d 515, *appeal dismissed* 76 NY2d 746) and *South Dakota v Opperman* (428 US 364), the court found was conducted in accordance with the police regulations.

Upon all of the attendant circumstances *(see, People v Banks*, 202 AD2d 902), we conclude that the inventory search which followed the impoundment of the automobile satisfied the constitutional mandate of reasonableness and was conducted pursuant to a standard procedure designed to meet the legitimate objectives of the search *(see, People v Walker*, 194 AD2d 92, *lv denied* 83 NY2d 811). It is well settled that the police may search an impounded vehicle to inventory its contents *(see, People v Gonzalez, supra)*.

When a search is challenged, the People have the burden of showing that it was "conducted pursuant to standardized procedures" *(People v Lloyd*, 167 AD2d 856, 857; *accord, People v Ballard, supra*, at 1026), a finding which is adequately supported in this record. The reasonableness of a search is calculated by weighing the governmental and societal interests advanced by the search against the defendant's right to be free from arbitrary interference by the police *(People v Galak*, 80 NY2d 715, 718). The very circumstances that provided probable cause for the stop, the lack of a valid operator's license or vehicle registration, the arrest, and the necessary impoundment properly followed by an inventory search of every part of the vehicle and its contents were all fully justified *(see, People v Burghart*, 177 AD2d 866, 868, *lv denied* 79 NY2d 998). Accordingly there was no basis to suppress the evidence found by the impound search and County Court properly denied the motion.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.