■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WASHINGTON, Appellant. [650 NYS2d 334] —Spain, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered February 17, 1995, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

On December 4, 1990, at approximately 2:30 A.M., a vehicle driven by Jamel Davis was stopped by State Trooper Ferando Ortega on the Thruway in the Town of Coeymans, Albany County, for having no front license plate and for having no illumination on the rear license plate, each in violation of the Vehicle and Traffic Law. Defendant was a front seat passenger in the vehicle; two other passengers were situated in the back seat. None of the individuals in the vehicle produced a valid driver's license and, after ascertaining that there were no licensed drivers available to operate the vehicle, Ortega proceeded to impound and inventory the vehicle in accordance with the procedures set forth in the State Police Field Manual. While Ortega was inventorying the contents of the vehicle, he noticed a brown paper bag stuffed behind the air vents in the front dashboard; the air vents were secured by two screws which looked to Ortega as if they had been previously removed. Ortega removed the screws and the vent and retrieved the brown paper bag which contained over 200 small plastic vials containing a white chunky substance. Subsequent laboratory analysis revealed that the substance was cocaine and that the total weight was more than one half of an ounce.

All four occupants of the vehicle were arrested. Defendant was charged with two counts of criminal possession of a controlled substance in the third degree. Defendant later discharged his attorney and filed a successful *pro se* writ of ha-

beas corpus; the writ was granted and he was released from custody on February 8, 1991. On February 27, 1991 defendant was indicted as originally charged. Defendant failed to appear for arraignment on March 12, 1991 and on April 2, 1991 a bench warrant was issued for his arrest. On March 15, 1993 defendant, while incarcerated in the Albany County Jail pursuant to a bench warrant on an unrelated charge, was arrested on the bench warrant issued in this case and on April 5, 1993 he was arraigned on the 1991 indictment. The People declared their readiness to proceed to trial at that time. Following a jury trial, defendant was convicted of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). Thereafter, County Court denied defendant's motion pursuant to CPL article 330 to set aside or modify the verdict. Defendant was sentenced to concurrent indeterminate terms of imprisonment of $8^1/_3$ to 25 years on each count. Defendant appeals.

We affirm. Initially, we reject defendant's contention that he was denied his statutory and constitutional right to a speedy trial. The record supports County Court's conclusion that defendant's whereabouts between March 4, 1991 and March 15, 1993 were unknown and that law enforcement officials took diligent steps in attempting to locate him. A State Trooper testified that after the bench warrant was issued he instituted a "File 5" wanted person entry on defendant which was sent via the State Police computer network to alert police agencies nationwide that defendant was wanted. He and other officers periodically ran criminal history checks on defendant to ascertain whether he had been arrested by another agency. Defendant's driver's license records were reviewed and once it was learned that defendant had been arrested previously, investigators checked his last known address and interviewed neighbors. The record also shows that during this time defendant was arrested several times within the State using various aliases and dates of birth from which it can justifiably be inferred that he was avoiding prosecution. There was ample evidence that the two-year delay was caused by defendant's own absence and attempt to avoid apprehension or prosecution and that his location could not be determined by due diligence (CPL 30.30 [4] [c]), thereby making that time period chargeable to defendant.* We therefore conclude that the People's declaration of readiness for trial on April 5, 1993 was timely. We need not address defendant's assertion that his constitutional

---

* Notably, CPL 30.30 (4) (c) has been amended by the Laws of 1996 (ch 631, § 2, eff Sept. 4, 1996).

right to a speedy trial was violated (*see*, CPL 30.20) because the issue was not raised in his pretrial or presentencing motions (*see, People v Lieberman*, 47 NY2d 931, 932-933; *People v James*, 188 AD2d 296; *People v Moore*, 159 AD2d 521, 522) and is therefore unpreserved for review. In any event, were we to apply the factors set forth in *People v Taranovich* (37 NY2d 442), we would conclude that the delay in the instant matter was not excessive or violative of defendant's constitutional right to a speedy trial.

Next, we reject defendant's contention that County Court erred by denying his motion to suppress the cocaine seized during the inventory search of the vehicle. "It is well settled that the police may search an impounded vehicle to inventory its contents" (*People v Rhodes*, 206 AD2d 710, 711, *lv denied* 84 NY2d 1014). To be valid, however, the inventory must be both reasonable and conducted pursuant to a standardized or established police agency procedure (*see, People v Galak*, 80 NY2d 715, 716; *People v Salazar*, 225 AD2d 804, *lv denied* 88 NY2d 969; *People v Rhodes, supra*, at 711; *People v Thompson*, 202 AD2d 796, *lv denied* 84 NY2d 833). Moreover, "[t]o satisfy the constitutional mandate of reasonableness, an inventory search of an impounded vehicle must be conducted pursuant to a standard procedure which is designed to meet the legitimate objectives of the search, and which clearly limits the discretion exercisable by officers in the field" (*People v Walker*, 194 AD2d 92, 94, *lv denied* 83 NY2d 811; *see, People v Galak, supra*, at 719).

In this case Ortega testified that because there was no licensed driver to operate the vehicle after it had been stopped, State Police procedure required that the vehicle be impounded and inventoried, and that while performing his inventory the paper bag was found behind the air vents. New York State Police Field Manual article 33 requires that the contents of "ALL vehicle compartments AND *all* closed containers which can be opened WITHOUT causing physical damage to the compartment OR container" be inventoried. This procedure has been held to comport with the requirement of a standard procedure and satisfies the constitutional standard of reasonableness (*see, People v Thompson, supra; People v Walker, supra*). The record is devoid of any proof that the removal of the screws holding the air vents in place caused any physical damage, thereby obviating the need for Ortega to seek the approval of a higher ranking State Police officer.

We next conclude that defendant's arguments relating to numerous alleged errors which denied him a fair trial and due

process of law are unpreserved for our review since they were not raised at trial (*see, People v Dunn*, 204 AD2d 919, *lv denied* 84 NY2d 907; *see also*, CPL 470.05 [2]). We therefore need not address defendant's contentions regarding evidence allegedly improperly admitted, without objection, or the alleged leading questions and the hearsay statement allowed, without objection, by County Court. We feel compelled, however, to address defendant's contention, although unpreserved, that the prosecution unethically used Assistant District Attorneys as both witnesses and advocates, thereby violating the Code of Professional Responsibility DR 5-101 (B) (22 NYCRR 1200.20 [b]). The record reveals that Assistant District Attorney Brian Farley was called as a witness at the speedy trial hearing and was examined by the prosecutor, Assistant District Attorney Paul Clyne. Significantly, neither Farley nor Clyne served as both a witness and an advocate in this case (*see, People v Freeman*, 172 AD2d 1045, 1046, *lv denied* 78 NY2d 1011). "The fact that the witness's colleague prosecuted the case is not sufficient to show either actual prejudice or a substantial risk of abuse of confidence" (*supra*, at 1046). Defendant's assertion in this regard is totally without merit.

Further, we find no merit in defendant's contention that County Court (Turner, Jr., J.) abused its discretion in denying his motion to order responses to discovery demands, to preclude evidence at trial or to dismiss the indictment. County Court had previously issued an omnibus discovery order on April 5, 1993. County Court's subsequent denial of discovery was properly based upon the fact that defendant's motion was duplicative of the omnibus discovery order previously issued by the court (*see, People v Boomer*, 220 AD2d 833). Notably, the record is devoid of any indication that the delay in response to discovery requests caused surprise or undue prejudice during the trial.

Moving next to defendant's contentions that County Court erred in its jury instructions, we find them to be unavailing. Although it is clear that County Court initially misstated the People's burden of proof, the court corrected itself on numerous subsequent occasions during its instructions to the jury and gave proper instructions regarding the People's burden. In our view, the jury instruction, read as a whole, conveyed to the jury the correct standard with respect to the People's burden of proof and it is not likely that the jury was confused by County Court's charge (*see, People v Fields*, 87 NY2d 821, 823).

Next, we reject defendant's assertion that County Court erred in its *Sandoval* determinations by allowing introduction

of defendant's 1989 arrest and conviction for the crimes of criminal possession of a weapon in the third degree and resisting arrest and his 1990 conviction for the crime of criminal possession of a weapon in the third degree. "While evidence of other crimes cannot be proffered solely for the purpose of showing that a defendant is of such a criminal bent that he is likely to have committed the crime charged * * * it is within the discretion of the Trial Judge to decide whether the probative worth of evidence of other crimes on the issue of defendant's credibility outweighs the risk of unfair prejudice to him" (*People v Pavao*, 59 NY2d 282, 292 [citation omitted]; *see, People v Sandoval*, 34 NY2d 371, 374-375). Upon our review of the record, we find no reason to disturb County Court's discretionary determination.

We also reject defendant's contentions that the evidence was legally insufficient and the verdict was against the weight of the evidence. The People were required to establish beyond a reasonable doubt that defendant was aware that he possessed cocaine (Penal Law § 220.16 [1], [12]) and that the weight of the cocaine was more than one half of an ounce (Penal Law § 220.16 [12]; *see, People v Ryan*, 82 NY2d 497, 502; *People v Lamont,* 227 AD2d 873). The Penal Law provides that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession by each and every person in the automobile at the time such controlled substance was found (Penal Law § 220.25 [1]). This statutory presumption also "provides sufficient basis to infer that [any person in the automobile at the time the controlled substance was found] was also aware of the weight of the substance" (*People v Dillon*, 207 AD2d 793, 797, *affd* 87 NY2d 885). Viewed in a light most favorable to the prosecution (*see, People v Alexander*, 75 NY2d 979, 980; *People v Contes*, 60 NY2d 620, 621), and considering the statutory presumption as well as the location of the visible brown paper bag in which the vials were found, there was legally sufficient evidence from which the jury could have concluded beyond a reasonable doubt that defendant knowingly possessed cocaine and that he was aware of the weight (*see, People v Bleakley*, 69 NY2d 490, 495). Furthermore, even when the evidence is viewed in a neutral light (*see, supra*; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801; *People v Carthrens*, 171 AD2d 387, 392), under the facts presented the verdict is not against the weight of the evidence.

Finally, we reject defendant's contention that he was deprived of the effective assistance of counsel. Upon a review of the record as a whole, it is clear that defense counsel at trial

made appropriate opening and closing statements, examined and cross-examined witnesses and voiced appropriate objections. He formulated a defense and called the driver of the vehicle as a witness who supported the defense by claiming that the cocaine was his and that defendant knew nothing about the cocaine which was found in the air vents of the car. Although there were instances where defense counsel could have taken advantage of further objections, overall the record reveals that trial counsel engaged in a diligent and zealous representation of his client (*see, People v Flores*, 84 NY2d 184; *People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137). Moreover, defendant has not shown that, but for counsel's alleged errors, the result would have been different (*see, People v Dennis*, 210 AD2d 803, 805, *lv denied* 85 NY2d 937; *People v Charlton*, 192 AD2d 757, 759-760, *lv denied* 81 NY2d 1071).

We have reviewed defendant's remaining contentions and find them to be unpreserved for appeal and/or without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).