[876 NE2d 1187, 845 NYS2d 771]

In the Matter of VICTOR M., a Person Alleged to be a Juvenile Delinquent, Appellant.

Argued September 6, 2007; decided October 16, 2007

## POINTS OF COUNSEL

*Legal Aid Society,* New York City (*Lisa B. Freedman, Tamara A. Steckler, Steven Banks* and *Carolyn Kalos* of counsel), for appellant. I. The Family Court erred in denying appellant's motion to suppress where the prosecution failed to demonstrate that the arresting police officer—who saw appellant playing a dice game with three others—had probable cause to believe that appellant "advance[d] or profit[ed]" from "unlawful gambling activity" (Penal Law § 225.05) or "possess[ed]" a gambling device (Penal Law § 225.30), where appellant was at best merely a dice player and not a promoter of the gambling activity. (*Dunaway v New York,* 442 US 200; *People v De Bour,* 40 NY2d 210; *People v Hodge,* 44 NY2d 553; *People v Berrios,* 28 NY2d 361; *People v Dodt,* 61 NY2d 408; *People v Misuis,* 47 NY2d 979; *People v Hollman,* 79 NY2d 181; *Terry v Ohio,* 392 US 1; *People v Cantor,* 36 NY2d 106; *People v Batista,* 88 NY2d 650.) II. The Appellate Division erred in affirming the Family Court's suppression ruling on the alternative ground that the arresting police officer had probable cause to believe that appellant had committed the violations of trespass (Penal Law § 140.05) and loitering (Penal Law § 240.35 [2]). (*Matter of Curtis H.,* 216 AD2d 173; *People v Dodt,* 61 NY2d 408; *People v Johnson,* 64 NY2d 617; *People v More,* 97 NY2d 209; *People v Parris,* 83 NY2d 342; *People v Stith,* 69 NY2d 313; *People v Nieves,* 67 NY2d 125; *Parkin v Cornell Univ.,* 78 NY2d 523; *Collucci v Collucci,* 58 NY2d 834; *Matter of Richardson v Fiedler Roofing,* 67 NY2d 246.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Sharyn Rootenberg* and *Larry A. Sonnenshein* of counsel), for respondent. I. The presentment agency met its burden of demonstrating the legality of Officer Recio's conduct, as the undisputed facts and circumstances established reasonable suspicion to detain Victor M. and verify his identity at the station house. (*People v Berrios,* 28 NY2d 361; *People v De Bour,* 40 NY2d 210; *People v Hollman,* 79 NY2d 181; *People v Bronston,* 68 NY2d 880; *People v Howard,* 50 NY2d 583; *People v Roque,* 99 NY2d 50; *People v Martinez,* 80 NY2d 444; *People v Cantor,* 36 NY2d 106; *People v Hicks,* 68 NY2d 234; *People v Pines,* 99 NY2d 525.) II. The Appellate Division's determination is consistent with the testimony presented to the Family Court, is consistent with the parties' closing arguments to the Family Court, and is easily harmonized with the reasoning of the Family Court. Accordingly, the preservation rule does not apply. (*People v Powell,* 180 Misc 2d 627; *People v King,* 102 AD2d 710, 65 NY2d 702.)

### OPINION OF THE COURT

Smith, J.

We hold that the police search at issue in this case was unreasonable as a matter of law, and that the drugs found on Victor M. during the search must be suppressed.

### Facts and Procedural History

Officer Orlando Recio, patrolling a Bronx apartment building, came upon Victor and several other people gambling with dice. The officer decided to issue Victor a summons, but Victor had no identification, and his mother, who appeared on the scene, had none either. Victor offered to get identification but, for reasons not explained in the record, the offer was not accepted. Instead, the officer handcuffed Victor and brought him to the station house, where he searched him and discovered narcotics.

In the resulting juvenile delinquency proceeding based on Victor's possession of a controlled substance, Victor moved to suppress the narcotics as being the result of an unlawful search. Family Court denied the motion, adjudicated Victor a delinquent, and placed him in the custody of the Office of Children and Family Services for a period of up to 18 months. The Appellate Division, by a 3-2 vote, affirmed the order of disposition. Victor appeals to us as of right, pursuant to CPLR 5601 (a), and we now reverse.

## Discussion

The only issue on appeal is whether Officer Recio's search of Victor was lawful. Three theories have been advanced to support the search—one by Family Court, a second by the Appellate Division majority, and a third by the presentment agency in its brief to us. We reject all three theories.

Family Court held the detention and subsequent search of Victor lawful because it believed Officer Recio had seen him commit two misdemeanors, promoting gambling in the second degree (Penal Law § 225.05) and possession of a gambling device (Penal Law § 225.30). Neither of these statutes is applicable to the facts of this case. Under the first, a person is guilty "when he knowingly advances or profits from unlawful gambling activity"—but the definitions of the terms "advance gambling activity" and "profit from gambling activity" specifically exclude actions taken "as a player" (Penal Law § 225.00 [4], [5]). Nothing in the record suggests that Victor was anything but a player in the dice game. The second statute, as relevant here, applies when a person possesses a gambling device "believing that the same is to be used in the advancement of unlawful gambling activity" (Penal Law § 225.30 [a] [2]). Whatever its precise scope, this statute cannot fairly be read to apply to every player in a dice game who touches the dice.

The Appellate Division majority agreed with Family Court that "Recio's observation of appellant gambling in the hallway provided him with probable cause for an arrest" (35 AD3d 180, 181 [2006]). But the Appellate Division ignored the two statutes relied on by Family Court and cited two others, those prohibiting trespass (Penal Law § 140.05) and loitering (Penal Law § 240.35 [2]). We see nothing in the record to indicate that Victor was trespassing, but he apparently did violate the loitering statute, applicable to anyone who "[l]oiters or remains in a public place for the purpose of gambling with cards, dice or other gambling paraphernalia." The point is moot, however, because neither simple trespass nor loitering is a "crime" as the term is defined in the Penal Law (§ 10.00 [6]); each is a violation, not a misdemeanor or a felony. A warrantless arrest of a juvenile is authorized only in cases where an adult could be arrested "for a crime" (Family Ct Act § 305.2 [2]). Victor was 15 years old at the time of his arrest, and there is no evidence in the record that the officer either believed or had reason to believe that he was older.

Finally, the presentment agency argues before us that Officer Recio's detention of Victor was not an arrest, but only a stop based on a reasonable suspicion that Victor was trespassing or loitering (*see People v Hicks*, 68 NY2d 234, 238-239 [1986]; *People v De Bour*, 40 NY2d 210, 223 [1976]). The flaws in this argument are many. Officer Recio testified to an "arrest," not a temporary detention. Temporary detentions are authorized by statute only for felonies and misdemeanors, not violations (CPL 140.50 [1]). A temporary detention justifies only a frisk, not a full-fledged search (*De Bour*, 40 NY2d at 223). And finally, assuming that transporting a suspect to the station house in handcuffs could ever be found to be only a temporary detention under *De Bour* and *Hicks*, even a temporary detention is unlawful if it is not reasonable under the circumstances. Here, nothing in the record shows that it was reasonable for Officer Recio to take Victor to the station house, instead of going with him to his apartment to get his identification.

Accordingly, the order of the Appellate Division should be reversed, without costs, the motion to suppress granted and the petition dismissed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.