In the Matter of IYONA G., Appellant. ONEIDA COUNTY ATTORNEY, Respondent. [876 NYS2d 279]—

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Family Court, Oneida County (James R. Griffith, J.), entered October 10, 2007 in a proceeding pursuant to Family Court Act article 3. The order found that respondent committed an act that, if committed by an adult, would constitute the crime of resisting arrest.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: This Court granted respondent permission to

appeal from a fact-finding order (*see* Family Ct Act § 1112 [a]), which found that she committed an act that, if committed by an adult, would constitute the crime of resisting arrest (Penal Law § 205.30). We agree with respondent that the petition is facially insufficient and thus that reversal is required. Pursuant to Penal Law § 205.30, "[a] person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself[, herself] or another person." "It is an essential element of the crime of resisting arrest that the arrest be authorized" (*People v Alejandro*, 70 NY2d 133, 135 [1987]). The petition and supporting depositions filed with the petition allege that respondent resisted arrest while being placed under arrest for "fighting," i.e., disorderly conduct (§ 240.20 [1]). Disorderly conduct is a violation, and "[a] warrantless arrest of a juvenile is authorized only in cases where an adult could be arrested 'for a crime' " (*Matter of Victor M.*, 9 NY3d 84, 87 [2007], quoting Family Ct Act § 305.2 [2]). A crime is defined in Penal Law § 10.00 (6) as a misdemeanor or a felony, not a violation (*see Anonymous v City of Rochester*, 56 AD3d 139, 144 [2008]). Because there is no evidence in the petition or supporting depositions that the police officers who attempted to arrest the 12-year-old respondent believed or had reason to believe that she was at least 16 years old, the petition and supporting depositions fail to allege that the arrest was "authorized" (*Victor M.*, 9 NY3d at 87; *cf. Matter of Carlton F.*, 25 AD3d 610, 611-612 [2006]). Thus, the petition and supporting depositions fail to allege that respondent committed an act that would constitute the crime of resisting arrest if committed by an adult (*see People v Peacock*, 68 NY2d 675, 677 [1986]; *People v Perez*, 47 AD3d 1192, 1193 [2008]). Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.