Lynch, J.
(dissenting). I respectfully dissent.* The two state troopers who testified at the suppression hearing, each with 10 years of experience, explained that it is State Police policy to conduct an inventory search when a vehicle is towed. Trooper Jason Gutowski, who performed the search, testified that he was issued an inventory search manual during basic training. He explained that, pursuant to the manual, troopers “are required to perform as thorough a search as possible of the vehicle . . . and its contents,” to “search every item thoroughly,” “without obviously breaking anything,” and to identify items “of value” on an inventory list. Here, the record shows that Gutowski searched the front and rear seat interior areas, the glove box, console and trunk. During the search, he located an open plastic bag behind the driver’s seat, containing items of clothing and shoes. Consistent with the policy manual, he examined each individual item for valuables, which he described as “[jjewelry, money, items such as that.” Gutowski found the baggie containing the heroin inside a sneaker removed from this bag. On the inventory form, he listed “bag of assorted clothes and sneakers, plastic baggie containing approximately 41 grams of off white powder” and a speaker box removed from *1241 the trunk. As the majority notes, the People were not obligated to submit a copy of the procedures manual into evidence, and testimony of the inventory search policy “in general terms” may be sufficient (People v Walker, 20 NY3d 122, 124-125 [2012]). In my view, the record establishes that the troopers were guided by a “ ‘single familiar standard’ ” when they conducted their inventory search (People v Walker, 194 AD2d 92, 94 [1993], quoting Colorado v Bertine, 479 US 367, 375 [1987]).
Defendant maintains that the search was invalid because the troopers were accorded too much discretion in deciding what items were valuable enough to be inventoried. Gutowski acknowledged that the State Police manual does not define what value an item has to have before being listed, leaving that determination to the trooper’s discretion. As the majority correctly explains, the inventory procedures “must limit the discretion of the officer in the field” (People v Galak, 80 NY2d 715, 719 [1993]). At the same time, however, officers in the field must also be accorded certain latitude in conducting a search (see id.). The operative point here is that the People met their burden of proving that a reasonable, standardized procedure was utilized in conducting the inventory search. The circumstances called for the towing of defendant’s vehicle, and there is no indication that the ensuing search was prompted by a concern of other criminal activity (see People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]). The itemized inspection of the open bag was required under the policy and guided by the direction to inventory items of value. Unlike the situation in People v Galak (80 NY2d at 719-722), this policy imposed an obligation on the trooper to prepare a proper inventory. That the task involved a discretionary call in assessing the value of an item does not render the process arbitrary (see United States v Lopez, 547 F3d 364, 370-372 [2d Cir 2008], cert denied 556 US 1114 [2009]). Granted, this was not a model inventory, for Gutkowski conceded that there were “numerous items strewn about” that he did not include in the inventory list because he did not consider the items to have any value. Whether he should have included certain items that may have been in the vehicle on the inventory list, however, does not undermine what was otherwise a reasonable procedure (see id.). Given the miscellaneous items of limited value typically found in a vehicle, a separate itemization of each item regardless of value was not necessary (see id.). As in People v Walker (20 NY3d at 126-127) and Colorado v Bertine (479 US at 369), the inventory here was adequate.
Ordered that the judgment is reversed, plea vacated, motion *1242 to suppress the heroin granted, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court’s decision.

 Since defendant did not preserve a challenge to the initial decision to impound the vehicle, that issue should not be addressed (see People v Luperon, 85 NY2d 71, 78 [1995]; People v Jacquin, 71 NY2d 825, 826-827 [1988]). That being said, it is also my view that the decision by the troopers to impound the vehicle was the only option they had and was not unreasonable under either the United States or New York Constitution (see US Const 4th Amend; NY Const, art I, § 12).