# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1382**
**KA 13-00583**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL ROLLINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 15, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's sole contention on appeal is that Supreme Court erred in refusing to suppress physical evidence seized by the police and statements he made to them. The evidence at the suppression hearing established that, on March 21, 2012, City of Buffalo police officers responded to a report of gambling by a group of men in the road near 58 Wick Street. As officers approached the group, one officer observed defendant drop some dice on the ground and walk away from the group and onto a nearby porch. The other men remained standing near some money and open alcohol containers. The observing officer ordered defendant off the porch, and placed him under arrest for possession of a gambling device (§ 225.30 [a] [2]) and disorderly conduct (§ 240.20 [5]). During a search of defendant's person, the officer discovered a loaded gun in defendant's jeans pocket, and defendant told the officer that he had been "[s]hooting dice for drinks." A second officer searched defendant and discovered crack cocaine in his shirt pocket. Defendant later told officers that he had obtained the gun from his cousin and thought it was "fake." The court determined that the officer had probable cause to arrest defendant for "gambling" and therefore refused to suppress the gun, the cocaine and defendant's statement. That was error.

A police officer may arrest a person without a warrant where the officer has probable cause to believe that such person has committed or is presently committing an offense (*see* CPL 140.10; *see also People v Maldonado*, 86 NY2d 631, 635; *People v Hicks*, 68 NY2d 234, 238; *People v Bigelow*, 66 NY2d 417, 423). However, where an officer lacks probable cause to arrest the person, any evidence obtained as a result thereof must be suppressed (*see People v Johnson*, 66 NY2d 398, 407-408; *People v Ayers*, 85 AD3d 1583, 1584-1585, *lv denied* 18 NY3d 922).

A person commits the crime of possession of a gambling device "when, with knowledge of the character thereof, he . . . possesses . . . [a] gambling device, believing that the same is to be used in the advancement of unlawful gambling activity" (Penal Law § 225.30 [a] [2]). A person "[a]dvance[s] gambling activity" when he, "acting other than as a player, . . . engages in conduct which materially aids any form of gambling activity" (§ 225.00 [4]). Thus, "a person who engages in any form of gambling solely as a contestant or bettor," i.e., a player, is excluded from criminal culpability (§ 225.00 [3]; *see Matter of Victor M.*, 9 NY3d 84, 87).

Here, there was no evidence before the suppression court that defendant was anything more than a contestant or player in a game of dice (*see* Penal Law §§ 225.00, 225.30 [a] [2]; *Victor M.*, 9 NY3d at 87). The observing officer did not see defendant holding money, exchanging money with the other men in the group, or even rolling the dice (*cf. People v Wilder*, 38 AD3d 263, 263, *lv denied* 8 NY3d 951; *Matter of Curtis H.*, 216 AD2d 173, 174). Therefore, contrary to the determination of the suppression court, the officer did not have "knowledge of facts and circumstances 'sufficient to support a reasonable belief' " that defendant was using the dice in the advancement of a gambling activity (*Maldonado*, 86 NY2d at 635; *see* §§ 225.00 [3], [4]; 225.30 [a] [2]).

As an alternative ground for affirmance, the People contend that the observing officer had probable cause to arrest defendant for loitering for the purpose of gambling (Penal Law § 240.35 [2]). "It is well settled than an appellate court may not uphold a police action on a theory not argued before the suppression court" (*People v Lloyd*, 167 AD2d 856, 856; *see People v Dodt*, 61 NY2d 408, 415-416). Here, the People argued before the suppression court that the officer had probable cause to arrest defendant for possession of a gambling device, disorderly conduct, and possession of an open container of alcohol on a public street. Thus, the People's loitering contention is not properly before us (*see Dodt*, 61 NY2d at 415-416; *Lloyd*, 167 AD2d at 856-857).

We note, however, that the suppression court failed to rule on the People's contentions concerning disorderly conduct and possession of an open container of alcohol, despite testimony at the suppression hearing supporting those theories of arrest. We therefore hold the case, reserve decision, and remit the matter to Supreme Court to rule on those issues "based upon the evidence presented at the suppression hearing" (*People v Jones*, 39 AD3d 1169, 1172; *see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 474-475, *rearg denied* 93 NY2d 849).

Entered:  February 13, 2015

Frances E. Cafarell
Clerk of the Court