Matter of W.P. (2024 NY Slip Op 06426)

Matter of W.P.

2024 NY Slip Op 06426

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Docket No. D-024255-22 Appeal No. 3287 Case No. 2024-01787 

[*1]In the Matter of W.P., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency

Twyla Carter, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for Presentment Agency.

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about August 29, 2023, which adjudicated appellant a juvenile delinquent upon his admission that he committed acts that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree, and placed him on probation for a period of 12 months, unanimously reversed, on the law and as a matter of discretion in the interest of justice, without costs, the motion to suppress granted, the order of disposition vacated, and the petition dismissed.
Appellant failed to preserve his challenge to the stop on the ground that the police were not authorized to stop him, a juvenile, based on his violation of Administrative Code of the City of NY § 19-176(b) by riding a bicycle on the sidewalk, because "A warrantless arrest of a juvenile is authorized only in cases where an adult could be arrested 'for a crime'" (Matter of Victor M., 9 NY3d 84, 87 [2007], quoting Family Ct Act § 305.2[2]), and we decline to reach this argument in the interest of justice (see CPL 470.05).
Nevertheless, the totality of the circumstances did not support Family Court's finding that the officer had reasonable suspicion to justify the stop, and his detention was unlawful because appellant's "equivocal or innocuous behavior" was "susceptible of an innocent as well as a culpable interpretation" (People v Thorne, 207 AD3d 73, 77 [1st Dept 2022]). Police, in two unmarked vehicles, while canvassing the area in response to a "Shotspotter" sensor report of shots fired, observed appellant riding a bicycle on the sidewalk. An officer observed appellant look in the direction of one of the unmarked vehicles, back pedal, duck, turn the bicycle around and ride in the opposite direction. The officer found appellant's actions suspicious, exited the vehicle, approached appellant, ordered him to stop, grabbed him by both wrists and pushed him against the wall. While appellant was detained another officer observed a bulge in appellant's pocket, squeezed the pocket area and retrieved a firearm.
Although an officer observed an L-shaped object in appellant's pocket during the detention, there is no evidence or any reasonable inference that the officer "was in a position to view the contraband absent the unlawful detention" (People v Messano, 41 NY3d 228, 235 [2024]; see also People v Moore, 6 NY3d 496, 498 [2006]).
"Since no other admissible evidence exists to establish the crime, the prosecution would be unable to secure a conviction on the gun possession count without the gun recovered from defendant" (People v Rodriguez, 41 NY3d 1, 14 [2023]). Accordingly, the petition must be dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024