■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BOOKLESS, Appellant.—Judgment unanimously reversed, on the law and facts, motion to suppress granted, and matter remitted to Supreme Court, Monroe County, for further proceedings on the indictment. Memorandum: The record does not support the suppression court's determination that defendant was not in custody at the time he admitted having a gun in his vehicle, or that defendant was seated in the rear of the patrol car with the door open while being questioned by police officers. The testimony establishes that the first officers on the scene called for assistance and asked the responding officers to "exercise control over [defendant's] body" and put him in the rear of their patrol car. The officers "escorted" defendant to the patrol car, "placed" him in the rear seat and closed the doors, automatically locking them. Defendant was not told that he did not have to get in the patrol car and one officer testified that he inferred from the circumstances that defendant was under arrest. There were at least four, perhaps six, police officers at the scene when defendant was questioned. Given this " 'police-dominated' " atmosphere *(People v Huffman,* 41 NY2d 29, 34), we conclude that in these circumstances " 'a reasonable person, innocent of any crime, would (not) have felt free to leave' " *(People v Wroblewski,* 109 AD2d 39, 42; *see also, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851).

Nor is there support in the record for the court's finding that the gun inevitably would have been discovered in an inventory search of the car. The People had the burden of coming forward with proof that the search was conducted pursuant to standard police procedures authorizing the inventory search of impounded vehicles *(see, United States v Hellman,* 556 F2d 442, 444; *see also, South Dakota v Opperman,* 428 US 364, 366; *Cady v Dombrowski,* 413 US 433, 437, 443; *United States v Edwards,* 577 F2d 883, 893, *cert denied* 439 US 968; *United States v Jackson,* 529 F Supp 1047, 1054-1055; *People v Brnja,* 50 NY2d 366, 372; *People v Sullivan,* 29 NY2d 69, 71, 73, 75, 76; *People v Lowe,* 91 AD2d 1100, 1101; *but see, United States v Prescott,* 599 F2d 103, 106). Here, as the People concede, there was no proof that police regularly conducted inventory searches of impounded vehicles. Absent

such proof, the People did not meet their burden of establishing that "there is 'a very high degree of probability that the evidence in question would have been obtained independently of the tainted source' " *(People v Knapp,* 52 NY2d 689, 697-698, citing *People v Payton,* 45 NY2d 300, 313, *revd* 445 US 573, *on remand* 51 NY2d 169; *see, People v King,* 117 AD2d 1007). The court's application of the inevitable discovery doctrine was thus improper.

The People argue for the first time on appeal that defendant's agitated state, in response to the initial inquiry whether he had a gun in his car, gave rise to a reasonable suspicion which would have led to a search of the car regardless of the other circumstances. There is no support for that theory in the record. To the contrary, the officers testified that they had neither reason nor intention to search defendant's car prior to his statement regarding the gun. (Appeal from judgment of Supreme Court, Monroe County, Corning, J.—burglary, third degree.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.