OPINION OF THE COURT
Howard M. Aison, J.
Defendant alleges, after a Mapp hearing (Mapp v Ohio, 367 US 643) that the People have failed to meet their burden of going forward with proof that a search was conducted pursuant to standard police procedures authorizing inventory searches of impounded vehicles (People v Bookless, 120 AD2d 950) and the State Police Field Manual authorizes impounds *297 only if the driver of a vehicle was arrested for aggravated unlicensed operation in the first or second degree.
Only two witnesses testified at the Mapp hearing, both called by the People. The court finds the following findings of fact. On December 2, 1987 while on routine patrol of the New York State Thruway Trooper Thomas Craig of State Police, Troop T, observed a motionless vehicle missing its right rear rim and tire and with a portion of its left rear wheel extending approximately one foot into the driving lane. He stopped to make inquiry and observed two persons, the defendant and one Pedro Francisco, standing outside. He obtained the driver’s license of Francisco, put out flares, called his dispatcher and requested a tow truck. He then ran information from the license through the computer, via radio, and learned that Francisco’s license was suspended “twenty-four times” and the registered owner of the vehicle, one Hector Alesia, was a wanted person for petit larceny. At some point in time Troopers Santiago. and Lane arrived on the scene. Thereafter Trooper Craig obtained defendant’s name and date of birth, ran this information through the computer, via radio, and learned defendant did not have a driver’s license. Trooper Craig then told defendant and Francisco that the vehicle was to be impounded and inventoried. Trooper Santiago conducted the inventory, started with the passenger compartment, opened the trunk and observed a bag containing cocaine. Defendant and Francisco were taken to the troopers barracks and Trooper Craig issued Francisco a uniform traffic ticket for aggravated unlicensed operation in the third degree.
Trooper Craig testified that he was aware that the New York State Police have rules and regulations concerning impounds of vehicles, inventory was taken "under Thruway rules and regulations,” that any vehicle to be taken off the Thruway is inventoried by the State Police, that the vehicle was impounded because there was no person legally able to drive it and an impound report was prepared by him while on the scene.
With respect to pretrial Mapp hearings the general rule is the People have the burden of going forward to show the legality of police conduct with the ultimate burden of proof on the defendant to show that the evidence seized should be suppressed (People v Whitehurst, 25 NY2d 389, 391; see also, People v Pettinato, 69 NY2d 653). This court is of the opinion that inventory searches should be governed by this general rule as cases placing the burden of proof on the People, at *298 pretrial suppression hearings, deal either with the waiver of a constitutional right (People v Huntley, 15 NY2d 72, 78 [confessions]; People v Whitehurst, supra [consent searches]) or the use of evidence by the People which may be tainted by a prior unlawful or improper acquisition (People v Ballott, 20 NY2d 600 [in-court identification tainted by improper out-of-court identification]; People v Pobliner, 32 NY2d 356 [inadmissible eavesdropping leading to evidence not otherwise obtainable]). The court, having reserved during the hearing, will not, for the reason of immateriality, take judicial notice, at the defendant’s request, of a portion of the New York State Police Field Manual (Impound Vehicle Procedures §§ 33V2 and 33V3 issued Oct. 28, 1987) concerning inventory searches and the instructions to be followed by the arresting officer concerning the impound of vehicles as the result of an arrest for aggravated unlicensed operation in the first or second degree.
The court will take judicial notice, without request, pursuant to CPLR 4511 (b) of the Troop T Operations Guide as amended. (New York State Police Troop T Operations Guide, issued Dec. 1973 and amended on Feb. 26, 1982 and Feb. 13, 1985.) It is the duty of Troop T to enforce the rules and regulations of the Thruway Authority and those provisions of the Vehicle and Traffic Law applicable to the Thruway (Public Authorities Law § 361 [2]). The court will also take judicial notice of New York State Thruway rules and regulations (CPLR 4511 [a]).
Troop T Operations Guide sets forth impounded vehicle procedures (Operations Guide § 3.30) and authorizes a member of Troop T, when an unoccupied vehicle is found along the Thruway right-of-way presenting a dangerous traffic hazard, to treat it as an abandoned vehicle (Operations Guide § 3.30 [a]). The court finds the vehicle in question to be unoccupied. Although two persons were present with the vehicle, neither one could legally operate it. The Operations Guide goes on to say that an abandoned vehicle must be impounded, searched and towed away (Operations Guide § 30.30 [b], [c]). Part 102 of the Thruway Authority Rules and Regulations prohibits disabled vehicles and stated they must be removed to the nearest exit (21 NYCRR 102.1 [16] [ii]). The February 26, 1982 amendment distinguishes when vehicles should be impounded and towed, states that abandoned vehicles must be impounded, and adds that a vehicle is to be impounded when an arrest is made which would preclude the legal operation of the vehicle. (Operations Guide, op. cit.)
*299 It is evident from the undisputed facts that the vehicle was impounded and inventoried due to the inability of its occupants to legally operate it, its inoperable condition and its position being a traffic hazard and not as a pretext to search to obtain evidence (see, People v Sullivan, 29 NY2d 69, 77).
Based on the testimony of witnesses and what has been judicially noticed, the court holds that the People have met their burden of going forward and showing that the search was carried out pursuant to standard police procedures authorizing the inventory search of impounded vehicles and the defendant has failed to meet his burden of proving by a preponderance of the evidence that the physical evidence seized should be suppressed.
Defendant’s motion to suppress denied.