■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. AUSTRO, Appellant. [658 NYS2d 456] —White, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered October 16, 1996 in Schenectady County, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

At 1:48 A.M. on July 23, 1995, William Gallop, a police officer with the Town of Glenville in Schenectady County, noticed a

pickup truck in the parking lot of a closed automobile dealership where there had been several recent larcenies. When he drove into the driveway to ask defendant, the driver of the vehicle, why he was in the parking lot, defendant drove off and proceeded down State Route 50. Gallop followed him, activated his turret lights and pulled defendant to the side of the road. Following defendant's failure to pass certain field sobriety tests, defendant was arrested and his vehicle was impounded. Thereafter, defendant was charged in an indictment with the crimes of driving while intoxicated as a felony and driving with more than 0.10% of alcohol in his blood. On June 18, 1996, Supreme Court held a combined *Dunaway/Huntley* hearing to determine, *inter alia*, the legality of the stop and seizure of defendant and his vehicle. At the conclusion of the hearing, Supreme Court denied defendant's motion to suppress certain evidence and statements; defendant thereupon pleaded guilty to the first count of the indictment and was sentenced to five months in jail, five years' probation, a $2,500 fine and revocation of his driver's license. He now appeals.

Gallop's stopping of defendant's vehicle constituted a seizure which can only be justified if he had a reasonable suspicion that a crime had been or was about to be committed (*see, People v Ocasio*, 85 NY2d 982, 984; *People v Spencer*, 84 NY2d 749, 753, *cert denied sub nom. New York v Spencer*, 516 US 905). Reasonable suspicion has been defined as that " 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (*People v Martinez*, 80 NY2d 444, 448, quoting *People v Cantor*, 36 NY2d 106, 112-113). Such suspicion can arise where the defendant is seen during the hours of darkness in close proximity to a closed commercial establishment, particularly if there has been recent criminal activity involving the establishment or similar ones (4 LaFave, Search and Seizure § 9.4 [d], at 162 [3d ed]).

Here, an experienced police officer on routine patrol during the early morning hours observed defendant parked on the property of a private commercial establishment which had been the site of recent criminal activity, and where a number of cars were on display in the lot. Based on the foregoing facts, we agree with Supreme Court that Gallop had a reasonable suspicion of criminal activity which justified the seizure.

By pleading guilty, defendant waived his claim that the evidence before the Grand Jury was not legally sufficient (*see, People v Beattie*, 80 NY2d 840, 842; *People v Beuther*, 236 AD2d 661).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.