■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH GRIFFIN, Appellant. [674 NYS2d 780] —White, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered November 27, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was a passenger in a vehicle that was stopped for an equipment violation by State Troopers James Soro and Terry Bauer. After discovering that the driver's operator's license was suspended and that none of three other occupants had a valid operator's license, the Troopers impounded the vehicle and commenced an inventory search. While Soro was conducting the inventory, he discovered a brown paper bag under the front passenger seat. When he looked inside the bag, he observed four plastic baggies containing a white powdery

substance. He showed the bag to Bauer who recognized the white substance as cocaine. The Troopers then arrested defendant and the other occupants of the vehicle. Following the denial of his suppression motion, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree and thereafter was sentenced to an indeterminate term of imprisonment of four years to life. He now appeals.

We affirm. It is now settled that an inventory search of an automobile is constitutionally valid where, as here, it is conducted in accordance with the procedures contained in the State Police Field Manual (*see, People v Turriago*, 90 NY2d 77, 87; *People v Washington*, 233 AD2d 684, 686, *lv denied* 89 NY2d 1042). We further conclude that defendant's arrest was supported by probable cause in light of Bauer's recognition that the white substance was cocaine (*see, People v Nedo*, 193 AD2d 1022). Lastly, by pleading guilty, defendant waived his claim that the evidence before the Grand Jury was not legally sufficient (*see, People v Austro*, 239 AD2d 833, *lv denied* 90 NY2d 890; *People v Torres*, 238 AD2d 827, *lvs denied* 90 NY2d 865).

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.