■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCHWING, Appellant. [786 NYS2d 249]—

Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered March 8, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On April 21, 2000, City of Albany police officers arrested defendant, pursuant to an outstanding warrant of arrest, at a parking lot at the Off-Track Betting Tele-Theatre in Albany. The police then towed defendant's automobile to police headquarters for safekeeping and, before doing so, conducted an inventory search of the vehicle. Upon searching the console, the officers discovered a plastic bag containing approximately 22 grams of cocaine. As a consequence, defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree. Thereafter, in accordance with a plea bargain, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree, waived his right to appeal and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of not less than five nor more than 10 years. Defendant now appeals.

Defendant contends that his plea was not voluntarily obtained. Initially, we note that defendant did not move to withdraw his plea or vacate the judgment of conviction, thus failing to preserve this issue for review (see People v Russo, 8 AD3d 903 [2004], lv denied 3 NY3d 681 [2004]). In any event, were we to review the issue, we would find defendant's contention unavailing. The record makes plain that Supreme Court advised defendant of all the rights he was giving up as the result of his plea, as well as the consequences thereof, and defendant acknowledged that he understood the same and that he was pleading freely and without threat or coercion.

Next, defendant claims that Supreme Court erred in denying his motion to suppress the evidence recovered from his vehicle. The record reveals that pursuant to standard procedure of the Albany Police Department, once a custodial arrest of a driver has been made, the police either turn the vehicle over to another licensed driver or tow it for safekeeping. The record further reveals that no other licensed driver was at the scene with defendant at the time of his arrest. Presumably because of that

fact, the police towed the vehicle. Defendant now contends that his girlfriend was available to drive the car and the police should have sought her out rather than tow the vehicle. We disagree. It would indeed be an onerous rule that requires the police, in every case where there is a custodial arrest, to inquire whether somebody, somewhere may be available to drive the arrestee's car and to further require that the police then cast about trying to find such person.

Finally, in view of defendant's knowing, voluntary and intelligent waiver of his right to appeal, we decline to review his contention that the sentence was harsh and excessive (*see People v Clow,* 10 AD3d 803 [2004]). Moreover, we find no circumstances warranting the exercise of our interest of justice jurisdiction in that regard.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.