■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERON BRIGGS, Appellant. [801 NYS2d 435]—

Peters, J. Appeal from a judgment of the County Court of

Albany County (Breslin, J.), rendered December 5, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was arrested following allegations that he robbed a young boy at knife point in the City of Albany. At the time of his arrest, defendant was carrying a bag, a subsequent search of which revealed a jacket containing two small packages of cocaine. Based upon these events, defendant was charged with, among other crimes, criminal possession of a controlled substance in the third and fourth degrees. Defendant moved to suppress the evidence of the cocaine, which the People alleged was recovered pursuant to a routine inventory search. County Court denied the motion and defendant thereafter entered a guilty plea to criminal possession of a controlled substance in the fifth degree in full satisfaction of the indictment, preserving his right to appeal from the denial of the suppression motion. He now appeals, contending that the admission of the cocaine was improper.

To be valid, an inventory search must be both reasonable and conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field (*see People v Galak*, 80 NY2d 715, 716 [1993]; *People v Griffin*, 251 AD2d 693, 694 [1998], *lv denied* 92 NY2d 879 [1998]; *People v Washington*, 233 AD2d 684, 686 [1996], *lv denied* 89 NY2d 1042 [1997]). Based upon the record before us, we find that the People satisfied their burden of proving that the search of defendant's bag was reasonable under the circumstances and conducted pursuant to standardized police procedures. Police Officer Patrick Fox testified that he transported defendant's bag to central booking in his patrol car following defendant's arrest. Fox noted that he processed defendant's bag "as normal" by checking the inside of the bag for personal property, recording the nature of the contents inside and storing it in a secure area. Among the other assorted clothing noted in the standard property report, Fox recovered a jacket containing two packages of cocaine in the pocket. Notably, Fox indicated that he was checking the bag only to catalog defendant's personal property and had no grounds to believe that he would find contraband inside. Inasmuch as the discovery of the cocaine evolved pursuant to a familiar police routine and not from a pretextual search for evidence, there was no basis to suppress the evidence found by the inventory search and County Court properly denied defendant's motion (*see People v Schwing*, 13 AD3d 725, 725-726 [2004]; *People v Rhodes [Rodney]*, 206 AD2d 710, 711 [1994], *lvs denied*

84 NY2d 1014, 1015 [1994]). We have examined defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.