■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FUQUION HILLIARD, Appellant. [832 NYS2d 461]— Cardona, P.J.

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 9, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree. He was sentenced to two years in prison, followed by two years of postrelease supervision.

Initially, defendant's assertion that his guilty plea was involuntarily entered is unpreserved for our review in light of his failure to move to withdraw the plea or vacate the judgment of conviction (see People v Vanguilder, 32 AD3d 1110 [2006], lv denied 7 NY3d 904 [2006]). In any event, were we to consider this contention, we would find that County Court fully advised defendant of the rights he was relinquishing by pleading guilty and it discussed the terms of the plea agreement, which included no sentencing commitment by the court other than that the sentence imposed would not exceed two years in prison. Defendant acknowledged that he understood these rights as well as the consequences of pleading guilty. Defendant then confirmed that he was entering the plea freely and admitted to having committed the crime. Under these circumstances, the record establishes that defendant entered a knowing, voluntary and intelligent guilty plea and received the benefit of the plea bargain (see People v Decker, 32 AD3d 1079, 1080 [2006]; People v Schwing, 13 AD3d 725 [2004]).

With regard to defendant's challenge to the validity of his verbal appeal waiver, we agree that the waiver was insufficient inasmuch as it failed to comply with the requirements set forth in People v Lopez (6 NY3d 248 [2006]). Given this conclusion, we have considered defendant's contention that his sentence was harsh and excessive and find it to be unpersuasive. There is no indication in the record that County Court abused its discretion in imposing sentence, nor are there any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Smith, 32 AD3d 1082, 1082 [2006]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.