■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRION L. PETERS, Appellant. [853 NYS2d 405]—

Mercure, J.P.

Defendant and an accomplice were arrested for trespass after police officers observed them fleeing from a vehicle that was parked behind an automotive garage in the early morning hours of October 6, 2003, and the owner of the garage confirmed that no one had permission to be on the premises. The arresting officers impounded the vehicle and performed an inventory search, which revealed a .44 Magnum gun and what they believed to be a portable methamphetamine lab, marihuana, and methamphetamine. Defendant was taken to the police station, placed in a holding cell and, during questioning about the incident, admitted that he received the gun from an acquaintance and did not have a permit for it.

Thereafter, defendant was subsequently indicted for two counts of criminal possession of a weapon in the third degree and trespass. Following the denial of defendant's motion to suppress the gun recovered from the vehicle and statements made at the police station, the matter proceeded to a jury trial, at the close of which defendant was found guilty of criminal possession of a weapon in the fourth degree, criminal possession of a weapon in the third degree and trespass. He was thereafter sentenced to an aggregate prison term of 2 to 6 years. Defendant appeals and we now affirm.

Initially, defendant argues that County Court erred in denying his motion to suppress the gun found during the inventory search of his vehicle. He does not dispute that the police were justified in impounding the vehicle or that police may perform an inventory search of an impounded vehicle to determine its contents (*see People v Johnson*, 1 NY3d 252, 255 [2003]; *People v Gonzalez*, 62 NY2d 386, 388 [1984]; *People v Washington*, 233 AD2d 684, 686 [1996], *lv denied* 89 NY2d 1042 [1997]). Rather, he asserts that the search was not conducted according to legally valid procedures. We disagree.

"To be valid, an inventory search must be both reasonable and conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field" (*People v Briggs*, 21 AD3d 1218, 1219 [2005], *lv denied* 5 NY3d 851 [2005] [citations omitted]; *see People v Johnson*, 1 NY3d at 256; *People v Galak*, 80 NY2d 715, 719 [1993]). The legitimate objectives of an inventory search of a vehicle are "protecting an owner's property while it is in the custody of the police; insuring police against claims of lost, stolen, or vandalized property; and guarding police and others from dangerous instrumentalities that would otherwise go undetected" (*People v Galak*, 80 NY2d at 718; *see People v Johnson*, 1 NY3d at 256). Moreover, it is the

People's burden to demonstrate that the search was reasonable and conducted pursuant to standardized police procedures (*see People v Johnson,* 1 NY3d at 256; *People v Briggs,* 21 AD3d at 1219; *People v Rhodes,* 206 AD2d 710, 711 [1994], *lv denied* 84 NY2d 1014 [1994]).

Here, the record reveals that defendant was provided with a copy of the towing and impound procedure of the City of Elmira Police Department at the *Mapp* hearing. The arresting officers testified regarding that procedure, stating that it is standard practice to impound a vehicle left on private property after all occupants are arrested. The officers performed a cursory search at the scene to identify who owned the vehicle and determine whether any items inside the vehicle had to be secured for the officers' safety or because the items could be easily lost. A more thorough search of the vehicle was performed at the impound lot for the purpose of safeguarding police personnel, protecting the vehicle owner's property and to guard against false claims of lost property. The officers contemporaneously logged certain items into evidence, photographed the car, and listed the items found in an inventory log and the complaint report, which described the property contained in the vehicle in detail and identified the gun as one of the items found during the search. In our view, this testimony adequately described the established inventory search procedure of the police department and its rational relationship to the legitimate governmental objectives furthered by inventory searches, as well as demonstrating that the officers complied with the procedure to fulfill those objectives. Accordingly, County Court properly denied defendant's motion to suppress the gun (*see People v Briggs,* 21 AD3d at 1219; *People v Schwing,* 13 AD3d 725, 725-726 [2004]; *People v Washington,* 233 AD2d at 686; *cf. People v Johnson,* 1 NY3d at 256-257; *People v Bookless,* 120 AD2d 950, 950-951 [1986], *lv denied* 68 NY2d 767 [1986]).

Defendant's remaining arguments do not require extended discussion. His assertion that a police investigator used undue influence to induce him to waive his *Miranda* rights and make a statement is unsupported by the record. Rather, the evidence before the suppression court indicates that defendant "was properly advised of his *Miranda* rights and voluntarily, knowingly and intelligently waived them" (*People v Duncan,* 279 AD2d 887, 888 [2001], *lv denied* 96 NY2d 828 [2001]; *People v Surdis,* 275 AD2d 553, 556 [2000], *lv denied* 95 NY2d 908 [2000]). Finally, we have considered defendant's claim that his sentence was harsh and excessive and conclude that it is lacking in merit.

Spain, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.