■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE D. ROBINSON, Appellant. [891 NYS2d 752]—

Kavanagh, J.

On the afternoon of February 16, 2006, while on duty in the City of Hudson, Columbia County, Police Officer Jason Finn stopped a vehicle that was being operated by defendant, after the vehicle suddenly pulled away from the curb without using a turn signal and excessive smoke was observed coming from the vehicle's muffler. After defendant suddenly got out of the vehicle and started to walk toward a nearby store, Finn exited his marked patrol car and repeatedly ordered defendant to return to the vehicle. At that point in the encounter, according to Finn, defendant became "agitated, hostile, and uncooperative" and refused to comply with Finn's directions that he return to the vehicle. After placing defendant under arrest for obstructing governmental administration and resisting arrest, Finn decided to impound the vehicle because its registered owner was not present at the scene, Finn did not have keys to the vehicle, its windows and sunroof were open and it was parked in a no parking zone.[1] Before the vehicle was removed from the scene, Finn began to search it and found a loaded Rossi .38 Special revolver under the driver's seat. In a one-count indictment, defendant was charged with criminal possession of a weapon in the third degree.[2] After his motion to suppress the weapon was denied by County Court, defendant was found guilty after trial of criminal possession of a weapon in the third degree and sentenced to 2½ years in prison, plus three years of postrelease supervision. Defendant now appeals.

---

1. Defendant had given the car keys to a third party while arguing with Finn.

2. It is not clear from the record how the charges of obstructing governmental administration and resisting arrest were disposed of in City Court.

As for defendant's contention that the search of the vehicle was illegal, we note that he does not contest either the validity of the traffic stop, his subsequent arrest or Finn's decision to impound the vehicle.[3] Instead, defendant's focus is on the scope of the inventory search that was performed on the vehicle after his arrest and his claim that the police failed to strictly adhere to the police department's policy while implementing it.

An inventory search, to be legal, must be "conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field" (*People v Peters*, 49 AD3d 957, 958 [2008], *lv denied* 10 NY3d 938 [2008] [citation omitted]; *see People v Johnson*, 1 NY3d 252, 256 [2003]; *People v Hamilton*, 22 AD3d 879, 880 [2005]). Finn testified that the policy and procedures of the Hudson Police Department require that an inventory be conducted of the contents of any impounded vehicle to safeguard that property and protect the Department from any claim that property had been stolen from the vehicle while it was in its possession. After he decided to impound the vehicle and while he waited for a tow truck to take the vehicle to police headquarters, Finn began the search and, at that time, discovered a loaded handgun under the driver's seat. At headquarters he completed the search and filled out appropriate forms, which included a list of the property that had been found in the vehicle. As performed, the search complied with applicable departmental policy and served its purpose by " 'protecting an owner's property while it is in the custody of the police; insuring police against claims of lost, stolen, or vandalized property; and guarding police and others from dangerous instrumentalities that would otherwise go undetected' " (*People v Peters*, 49 AD3d at 958, quoting *People v Galak*, 80 NY2d 715, 718 [1993]). As such, the weapon was legally seized pursuant to an inventory search and County Court properly denied defendant's motion to suppress (*cf. People v Willette*, 42 AD3d 674, 676 [2007], *lv denied* 9 NY3d 883 [2007]).

Defendant also argues that his conviction for criminal possession of this firearm was not supported by the weight of the evidence. Whenever a weapon is found in an automobile—and is not in the personal possession of any of its occupants—a presumption exists that the weapon is possessed "by all persons occupying such automobile at the time such weapon . . . is found" (Penal Law § 265.15 [3]; *see People v Lemmons*, 40 NY2d 505, 510 [1976]). This presumption is rebuttable, and whether,

---

**3.** Defendant's counsel at oral argument conceded that Finn had the right to impound the vehicle at the scene after defendant was placed under arrest.

in the final analysis, it is to be applied to support a finding that a defendant is in possession of an illegal weapon is a question of fact which, in this matter, had to be resolved by the jury after trial (see People v Verez, 83 NY2d 921, 924 [1994]; People v Adorno, 216 AD2d 686, 688 [1995], lv denied 86 NY2d 839 [1995]).

Here, evidence at trial established that, immediately prior to the weapon being found under the driver's seat, defendant was observed operating the vehicle and was its only occupant. When questioned by the police about the weapon, defendant is alleged to have stated that "[i]t wasn't armed, but that's [okay], possession is [nine-]tenths of the law." While defendant denied making the statement attributed to him by the police and established that the vehicle was not owned by him and had been in his possession for only a short time prior to his arrest, it was for the jury to decide if that evidence served to effectively rebut the presumption of possession (see People v Waters, 30 AD3d 681, 682 [2006], lv denied 7 NY3d 796 [2006]).[4] "[V]iewing the evidence in a neutral light and giving 'appropriate deference to the jury's superior opportunity to assess the witnesses' credibility' " (People v Carter, 60 AD3d 1103, 1107 [2009], lv denied 12 NY3d 924 [2009], quoting People v Gilliam, 36 AD3d 1151, 1152-1153 [2007], lv denied 8 NY3d 946 [2007]), we cannot say that the verdict convicting defendant of criminal possession of a weapon in the third degree was against the weight of the credible evidence (see People v Ashley, 45 AD3d 987, 989 [2007], lv denied 10 NY3d 761 [2008]; People v Tabb, 12 AD3d 951, 953 [2004], lv denied 4 NY3d 768 [2005]).

Finally, defendant failed to preserve any claim that he might have regarding the propriety of statements made by the prosecution during summation (see People v Kossman, 46 AD3d 1104, 1107 [2007]; People v Studstill, 27 AD3d 833, 835 [2006], lv denied 6 NY3d 898 [2006]). We do agree that County Court improperly limited defendant's attempt on direct examination to more fully explain what he meant by the statement he claims to have made to the police. However, in light of the overwhelming evidence of his guilt, any such error was harmless and his conviction is affirmed (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Phillips, 55 AD3d 1145, 1147 [2008], lv denied 11 NY3d 899 [2008]).

Mercure, J.P., Peters, Lahtinen and Garry, JJ., concur. Ordered that judgment is affirmed.

---

4. Defendant claims he told police, "I wasn't armed with anything . . . who is going to be my attorney, because I know for a fact that nine-tenths of the law is possession."