[957 NE2d 761, 933 NYS2d 192]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE D. ROBINSON, Appellant.

Argued September 8, 2011; decided October 13, 2011

**APPEARANCES OF COUNSEL**

*Bruce Evans Knoll*, Albany, for appellant.

*Beth G. Cozzolino, District Attorney*, Hudson (*David Costanzo* and *Henry Neal Conolly* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

On February 16, 2006, while on duty in the City of Hudson, Officer Jason Finn observed a vehicle pull away from a parked position without using a turning signal. He also noticed excessive smoke emanating from the vehicle's tailpipe. Shortly thereafter, Officer Finn stopped the vehicle. Defendant, the vehicle's operator and sole occupant, abruptly exited the vehicle and walked towards a nearby store. Officer Finn repeatedly instructed defendant to return to the vehicle, but defendant refused, becoming argumentative and hostile. Officer Finn advised defendant that he was under arrest for obstructing governmental administration and resisting arrest. The officer remained with the vehicle, but subsequently learned that the vehicle's registered owner, defendant's cousin, was not present at the scene. Because he did not possess the keys and the vehicle was parked in a no-parking zone, Officer Finn decided to impound the vehicle. Prior to the tow truck's arrival, Officer Finn conducted an inventory search, discovering a loaded revolver under the driver's seat. Defendant was charged with criminal possession of a weapon in the third degree (Penal Law § 265.02).

At trial, Officer Finn testified that, after explaining to defendant that he was being charged with possessing a loaded firearm, defendant responded, "it wasn't armed, but that's okay, possession is nine/tenths of the law." Defendant recounted a slightly different version of the same conversation, testifying that he told the officer "that I wasn't armed with anything. He said, I don't know what kind of games you playing here. Then I asked him, who is going to be my attorney, because I know for a fact that nine/tenths of the law is possession." The People objected to defense counsel's subsequent question, "Why did you say if you recall nine/tenths of the law—possession is nine/tenths of the law?" County Court sustained the People's objection to that question. Following summations, County Court instructed the jury on the automobile presumption, stating that all persons occupying a vehicle are presumed to possess a firearm found within the vehicle (*see* Penal Law § 265.15). The jury found defendant guilty.

The Appellate Division affirmed (69 AD3d 973 [2010]). The court determined that while County Court erroneously denied defendant an opportunity to explain the statements he allegedly

made to the police, any such error was harmless considering the overwhelming evidence of defendant's guilt. A Judge of this Court granted leave to appeal and we now reverse.

The primary issue before us is whether County Court's error in sustaining the prosecutor's objection to defense counsel's question of defendant was harmless.

This Court has stated that "[t]he paramount purpose of all rules of evidence is to ensure that the jury will hear all pertinent, reliable and probative evidence which bears on the disputed issues" (*People v Miller*, 39 NY2d 543, 551 [1976]; *see also People v Yazum*, 13 NY2d 302, 304 [1963]). Here, the Appellate Division properly found that County Court erred when it denied defendant an opportunity to explain fully the statements he made while in police custody since defendant's statements were both pertinent and probative.

We conclude however that the error was not harmless. An error is harmless only when there is "overwhelming proof of the defendant's guilt" and no significant probability that the jury would have acquitted the defendant were it not for the error (*People v Crimmins*, 36 NY2d 230, 242 [1975]; *see also People v Arafet*, 13 NY3d 460, 467 [2009]). Here, the evidence against defendant was not overwhelming. It was not defendant's vehicle. He had been driving it for only a short period of time prior to the traffic stop, and then only to take someone to the train station. Several different family members had access to the vehicle prior to defendant's use on this occasion. In light of this, defendant's potentially inculpatory statements about the revolver were the sole evidence tending to establish that he knew that the revolver was in the vehicle when he was stopped. Because defendant was not allowed the opportunity to explain those statements, the jury was left to reconcile the automobile presumption with the officer's account of defendant's ambiguous statements. Considering that defendant's explanation may have created doubt in the jury's mind sufficient to rebut the automobile presumption, resulting in an acquittal, it cannot be said that the error was harmless.

Defendant's remaining contentions lack merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.