14-4127
Liggan v. Senkowski

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand sixteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **ROBERT D. SACK,**
> **RAYMOND J. LOHIER, Jr.,**
> *Circuit Judges.*

_____

**Stacy Liggan,**

> *Petitioner-Appellant,*

> v.                                                                          **14-4127**

**Daniel Senkowski,**

> *Respondent-Appellee.*

_____

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Stacy Liggan, pro se, Fallsburg, NY. |
| **FOR RESPONDENT-APPELLEE:** | Priscilla Steward, Assistant Attorney General (Barbara D Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*; Peck, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Stacy Liggan, proceeding pro se, appeals the district court's judgment denying his 28 U.S.C. § 2254 petition, which alleged that he was denied his constitutional right to present a defense when the trial court refused to permit him to testify about what he had meant by inculpatory statements in a letter he wrote to a coconspirator after his arrest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a § 2254 petition de novo. *See Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act, when a state court has adjudicated a petitioner's claim on the merits, a federal court may grant habeas relief only if the state court's adjudication of that claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

I.    *Procedural Bar*

A federal court may not pass upon issues of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Because

2

it can be "difficult to determine if the state law discussion is truly an independent basis for decision or merely a passing reference," the reliance on state law must be "clear from the face of the opinion." *Id.* at 732, 735 (internal quotation marks omitted). To bar habeas review, the state court must clearly and expressly state that its judgment rests upon a state procedural bar, even if it "addresses the merits in reaching an alternative holding." *Whitley v. Ercole*, 642 F.3d 278, 286 n.8 (2d Cir. 2011). Procedurally barred claims may be addressed only if the petitioner demonstrates cause for the default and resulting prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice.[1] *Harris v. Reed*, 489 U.S. 255, 262 (1989).

We conclude that Liggan's claim is procedurally barred because his state court appeal was decided based on the application of New York's contemporaneous objection rule. *See Whitley*, 642 F.3d at 286 (observing that, in New York, a defendant who wishes to preserve an objection for appellate review must object "at the time of such ruling or at any subsequent time when the trial court had an opportunity of effectively changing the same" (brackets and ellipsis omitted) (quoting N.Y. CRIM. PROC. LAW § 470.05(2))). Liggan's general objections were insufficient to preserve his constitutional claims under New York law. *See id.* ("A 'general objection is not sufficient,' because, as 'New York's highest courts uniformly instruct,' to preserve a claim, a defendant must 'specifically focus on the alleged error.'" (quoting *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007)); *People v. Angelo*, 666 N.E.2d 1333, 1334 (N.Y. 1996).

Because New York's contemporaneous objection rule is an independent and adequate state law ground that is "firmly established and regularly followed," *Whitley*, 642 F.3d at 286 (quoting *Garcia v. Lewis*, 188 F.3d 71, 77-79 (2d Cir. 1999)), a state court decision on that ground will bar

---

[1] Liggan does not allege that he satisfies either of these exceptions.

habeas review unless the rule was exorbitantly applied. To determine whether application of a state rule was exorbitant, the Court considers whether: (1) perfect compliance with the rule would have changed the outcome; (2) a published state court decision required perfect compliance with the rule; and (3) defense counsel "substantially complied" with the rule "given the realities of trial." *Id.* at 287 (quoting *Lee v. Kemna*, 534 U.S. 362, 382 (2002)). The application of the firmly established state rule in this case was not "so 'exorbitant' as to render it 'inadequate to stop consideration of a federal question.'" *See id.* (quoting *Lee*, 534 U.S. at 376). First, perfect compliance would not have changed the outcome because the trial court rejected Liggan's argument that he was denied a right to present a defense in his motion for a new trial. And overwhelming state precedent required compliance with the rule: substantial compliance would have been insufficient because, as noted, New York requires a specific objection and will not imply a constitutional claim. Finally, Liggan could have raised the constitutional claim during the recess at trial.

## II. Merits

Even if Liggan's claim were not procedurally barred, it is meritless. The question is whether the Appellate Division unreasonably applied federal law. *See Gutierrez v. McGinnis*, 389 F.3d 300, 306 (2d Cir. 2004) ("[W]hen a state court explicitly conducts harmless error review of a constitutional error, a habeas court must evaluate whether the state unreasonably applied [federal law]."). To obtain habeas relief under the "unreasonable application" prong, a petitioner must show that the Appellate Division's conclusion that any error was harmless was objectively unreasonable. *See Wade v. Mantello*, 333 F.3d 51, 58-60 (2d Cir. 2003).

4

In considering a habeas petitioner's claim that he was denied his right to present a defense, we consider (1) whether the evidence was improperly excluded; and (2) if so, "whether 'the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist.'" *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006) (quoting *Justice v. Hoke*, 90 F.3d 43, 47 (2d Cir. 1996)) (brackets omitted). Here, the State appears to concede that the trial court incorrectly excluded Liggan's testimony. *See People v. Robinson*, 957 N.E.2d 761, 762-63 (N.Y. 2011) (concluding that trial court erred in preventing defendant from testifying about what he had meant in a post-arrest statement). Nevertheless, the omitted testimony, in light of the entire record, does not create a reasonable doubt that did not otherwise exist. The evidence presented against Liggan may not have been overwhelming considering that the jury did not convict him on most charges. But the Appellate Division's conclusion that Liggan was not prejudiced was not unreasonable because there was evidence that he supplied weapons, possessed weapons, and planned to use weapons during the planned burglary. Moreover, defense counsel was able to present Liggan's theory that the letter should be interpreted in a non-incriminating light—a theory that the jury apparently rejected.

We have considered all of Liggan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5