Wilsey v 7203 Rawson Rd., LLC (2022 NY Slip Op 02905)

Wilsey v 7203 Rawson Rd., LLC

2022 NY Slip Op 02905

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

168 CA 21-00071

[*1]KARLA WILSEY AND ROBERT WILSEY, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
7203 RAWSON ROAD, LLC, AND RSM DEVELOPMENT COMPANY, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS. 

KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
DANIEL EVAN STROLLO, ROCHESTER, FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 

 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (James J. Piampiano, J.), entered December 30, 2020. The order and judgment, among other things, granted plaintiffs' motion insofar as it sought summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in its entirety and vacating the second through tenth and the thirteenth decretal paragraphs, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for breach of contract and fraudulent misrepresentation, arising from contracts relating to the sale of a parcel of property and the construction of a residence thereon. Plaintiffs moved for summary judgment on the complaint and for costs, attorneys' fees and sanctions against defendants. Supreme Court granted the motion insofar as it sought summary judgment and awarded plaintiffs damages. The court also granted the motion insofar as it sought costs and granted in part the motion insofar as it sought attorneys' fees by awarding those fees on only the third cause of action and in an amount less than that requested by plaintiffs. The court otherwise denied the motion. Defendants appeal, and plaintiffs cross-appeal.
Although the court granted plaintiffs' motion insofar as it sought summary judgment, it failed to address the burdens of proof or any specific cause of action. In addition, the court awarded costs and attorneys' fees without providing the basis therefor. As noted, this case involved a motion for summary judgment and for costs, attorneys' fees, and sanctions, and the court chose not to write. This is an unacceptable practice (see generally Kopp v Rhino Room, Inc., 192 AD3d 1690, 1692 [4th Dept 2021]; Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020]; Doucette v Cuviello, 159 AD3d 1528, 1528 [4th Dept 2018]). To maximize effective appellate review, we must remind our colleagues in the trial courts to provide their reasoning instead of simply issuing orders.
On their appeal, we agree with defendants that the court erred by granting the motion in part and awarding plaintiffs damages, costs, and attorneys' fees, and we therefore modify the order and judgment accordingly. The law governing the motion insofar as it sought summary judgment on the first and second causes of action, for breach of contract, is well settled. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Carione v Hickey, 133 AD3d 811, 811 [2d Dept 2015], lv denied 27 NY3d 909 [2016] [internal quotation marks omitted]; see WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1160 [3d Dept 2016]). Here, defendants do not [*2]dispute the existence of contracts between them and plaintiffs, rather defendants challenge plaintiffs' interpretation of the terms of those contracts. With respect to the interpretation of contracts, it is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). "[T]he interpretation of an unambiguous contractual provision is a function for the court
. . . , and [t]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation . . . To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" (Nancy Rose Stormer, P.C. v County of Oneida, 66 AD3d 1449, 1450 [4th Dept 2009] [internal quotation marks omitted]; see Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., 176 AD3d 1596, 1597 [4th Dept 2019]; Syracuse Orthopedic Specialists, P.C. v Hootnick, 42 AD3d 890, 891 [4th Dept 2007]). Where " 'ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment' " (Mohawk Val. Water Auth. v State of New York, 159 AD3d 1548, 1550 [4th Dept 2018]).
Here, we conclude that plaintiffs did not meet their initial burden on those parts of the motion seeking summary judgment on the first and second causes of action inasmuch as plaintiffs failed to submit sufficient evidence to establish that their interpretation of the relevant contracts is the only reasonable interpretation thereof. Thus, we further conclude that the court erred in granting the motion to that extent and in awarding plaintiffs costs and damages (see Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1528-1529, 1532 [4th Dept 2017]; see also Romilly v RMF Prods., LLC, 106 AD3d 1465, 1466 [4th Dept 2013]).
The court also erred in granting those parts of the motion seeking summary judgment on the third cause of action, for fraudulent misrepresentation, and seeking attorneys' fees with respect to that cause of action. "It is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation" (Preston v Northside Collision-Dewitt, LLC, 158 AD3d 1127, 1128 [4th Dept 2018] [internal quotation marks omitted]). On this record, we conclude that, "far from being collateral to the contract, the purported misrepresentation was directly related to a specific provision of the contract" (id. [internal quotation marks omitted]; see Logan—Baldwin v L.S.M. Gen. Contrs., Inc., 48 AD3d 1220, 1221 [4th Dept 2008]; Williams v Coppola, 23 AD3d 1012, 1012-1013 [4th Dept 2005], lv dismissed 7 NY3d 741 [2006]). In addition, CPLR 3016 (b) provides that, "[w]here a cause of action . . . is based upon . . . fraud,
. . . , the circumstances constituting the wrong shall be stated in detail," and we conclude that the cause of action here failed to satisfy that requirement (see Maki v Bassett Healthcare, 85 AD3d 1366, 1369-1370 [3d Dept 2011], appeal dismissed 17 NY3d 870 [2011], lv denied in part and dismissed in part 18 NY3d 870 [2012]; J.A.O. Acquisition Corp. v Stavitsky, 18 AD3d 389, 390-391 [1st Dept 2005]; cf. Mosca v Kiner, 277 AD2d 937, 938 [4th Dept 2000]). Consequently, the court erred by granting the motion insofar as it sought summary judgment and attorneys' fees on that cause of action and in awarding plaintiffs damages, costs, and attorneys' fees pursuant to that cause of action.
In light of our determination, plaintiffs' contentions on their cross appeal are academic.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court